**Edwin G. STUART, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–12114.**

Criminal Court of Appeals of Oklahoma.
Feb. 23, 1955.

Ed Shipp, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error Edwin G. Stuart, defendant below, was charged by information in the district court of McCurtain county, Oklahoma, with the crime of burglary in the second degree in that it was alleged that on or about January 25, 1953 in the nighttime he did break and enter the Helms Drug Store with the intent to commit the crime of larceny by stealing, taking and carrying away without the knowledge and consent of the owner, money, goods, wares, etc., all the personal property of the owner of the said drug store, S. B. Helms, Title 21, § 1435, O.S.A.1951. The defendant was tried by a jury, convicted, his punishment fixed at 2 years in the penitentiary; judgment and sentence was entered accordingly from which this appeal has been perfected.

On October 25, 1954 an order was made and entered setting said cause for oral argument on November 24, 1954. When said cause came on for hearing on said last date, no briefs had been filed on behalf of the defendant, and no appearance was made in his behalf at the time the cause came on for argument. Rule 9 of this court, 22 O.S. A. c. 18, Appendix, provides:

"When no counsel appears and no briefs are filed, the Court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence, and if no prejudicial error appears will affirm the judgment."

We have carefully read the record, and believe because of the questions raised this case should receive more than the usual treatment where no briefs are filed and no appearance made. The defendant was arrested and charged as a principal in the burglary of the aforesaid drug store. The evidence disclosed that several business establishments in Idabel, Oklahoma, were burglarized in the nighttime on or about the date in question. It appears that the defendant was a former resident of Idabel as was one of his accomplices, that together with two other accomplices not residents of Idabel, they planned to burglarize certain business establishments in Idabel. The defendant and his accomplices were living in Oklahoma City at the time they planned the burglary and went to Idabel for said purpose. The

two former residents of Idabel were to plan and one of them was to finance the burglaries. The two non-residents of Idabel were to commit the burglaries. They were to divide the loot. The plan was carried out as conceived, the burglaries committed and the two non-residents were caught with property on their person, and the next morning property was found in this defendant's automobile parked by the Rouleau Hotel. When the officers discovered the defendant's automobile parked by the Rouleau Hotel they observed that the glove compartment was open and part of the stolen loot was stuffed in the glove compartment and a large quantity of other stolen articles taken from the respective business establishments in Idabel (some of which were identified as coming from the drug store), were piled on the back seat of the automobile in plain view. One of the non-residents testified that this defendant gave him his key on Saturday before the burglaries were committed the following night. This defendant denied that was true. The non-resident testified that he had an old Oldsmobile key that would work the ignition but it would not work the glove compartment or the turtle shell on the back of this defendant's Buick. He was corroborated in this by another accomplice. One of the non-residents testified that they burglarized another of the establishments and obtained a considerable quantity of money (approximately $171). He related that they stuffed this under the hedge near the post office. The police officers found the money under the hedge. There was sufficient corroboration of this defendant's participation in the planning of these burglaries. The fact that his automobile was used in the burglaries and that the key which he denied giving to his accomplice was used to unlock the glove compartment was sufficient corroboration of his participation to create a question of fact for the jury. It has been repeatedly held that even where there is a sharp conflict in the evidence and different inferences may be drawn therefrom, such situation presents a question of fact for the sole and exclusive determination of the jury. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479.

The defendant interposed a motion to suppress the evidence of the stolen articles but in this regard he was in no position so to do, for it has been held:

"A person not being the owner or in possession of automobile searched by officers, and not claiming any interest in the property found in such search, can not, upon the trial, complain of the alleged illegal search, nor object to the introduction of evidence thus obtained." Sears v. State, 79 Okl.Cr. 437, 156 P.2d 145.

Here the defendant though he was the owner of the automobile in which the stolen property was found denied that he had any possession or control of the car (in fact the record shows he said he thought his car was in Oklahoma City), and denied that he was involved in the burglaries. Moreover it is the general rule that there is a wide distinction between the seizure of property lawfully within the possession of a person and the seizure of property held and obtained by theft. 56 C.J. § 23, p. 1166; 79 C.J.S., Searches and Seizures, § 17, p. 793, note 63. Moreover these goods in the automobile were in open view, C.J.S. supra, note 53; State v. Hawkins, 362 Mo. 152, 240 S.W.2d 688, similar in fact situation to the case at bar. It is therefore apparent that this defendant was in no position to contend that the stolen goods sought to be introduced as evidence, so far as he was concerned, had been obtained by an unlawful search and seizure.

Other objections were interposed to the introduction of evidence which might have constituted grounds for reversal had not the court sustained the defendant's objection and admonished the jury not to consider such matters.

We have found no fundamental error in the record and the judgment and sentence is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.