James "Bo" JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12432.

Criminal Court of Appeals of Oklahoma.

May 8, 1957.

Ryan Kerr, Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, James "Bo" Johnson, defendant below, was charged by information in the District Court of Jackson County, Oklahoma, with the crime of the murder of Tommy Donnell, allegedly committed on September 5, 1955, in said county and state. The information charged that he did shoot Tommy Donnell with a pistol and inflict mortal wounds on him from which he died within a few moments thereafter. He was tried by a jury, convicted of first degree manslaughter, his punishment fixed at ten years in the penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the facts are, as revealed by the state's case, that without provocation, the defendant was using abusive language to the decedent's son, Tommy Donnell, Jr., in Slocum's Tavern, which the boy's father resented. However, the boy told his father that the defendant didn't mean anything, that he was "just carrying on foolishness." Nothing further occurred of consequence, but the defendant left the premises and returned later, came into the tavern, sat down on a stool, and waited until the deceased had left with his son and one Jessie Alcorn. As the deceased started to get into his automobile, the defendant told him not to get into the car. The decedent got into the car and started to turn on the ignition and the defendant told him if he did not get out he would haul him out. The defendant then walked up to the automobile and shot Donnell, the bullet entering the shoulder, inflicting a wound from which Donnell was pronounced dead upon delivery to the hospital immediately thereafter. The record disclosed that the decedent was unarmed, not even carrying a pocket knife.

The defendant's defense was that Donnell was reaching for a pistol in his glove compartment. No one else testified in support of the defendant's theory of defense.

█ The record, herein, *in our opinion*, is sufficient to support a conviction on the charge of murder, because it appears from the evidence that the defendant left Slocum's Tavern, procured his pistol, and came back with premeditated design to kill the decedent, Tommy Donnell. The jury convicted the defendant of first degree manslaughter and fixed his punishment at ten years in the penitentiary. It is true there is a conflict between the state's and the defendant's theory of the crime, but where the evidence is conflicting, the sufficiency thereof presents a question for the jury, and the Criminal Court of Appeals is limited in its consideration to ascertainment of whether there is a reasonable basis in the evidence on which the jury could conclude that the accused was guilty as charged. Dodson v. State, Okl.Cr., 284 P.2d 437; Stuart v. State, Okl.Cr., 280 P.2d 755. The record clearly supports this conclusion in the case at bar.

We find no fundamental error in the information, in the trial proceedings, in the verdict of the jury, or the judgment as rendered by the trial court. For these reasons, the judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.