**Don Lee WILSON, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

No. A-12461.

Criminal Court of Appeals of Oklahoma.

July 17, 1957.

Rehearing Denied Sept. 4, 1957.

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Don Lee Wilson, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the crime of operating a motor vehicle while under the influence of intoxicating liquor, 47 O.S.1951 § 93, second and subsequent offense, 21 O.S.1951 § 51. He was tried by a jury, convicted, and his punishment fixed at confinement in the state penitentiary for a period of one year and a fine of $1. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The evidence discloses, briefly, that on June 8, 1956, about 8:45 p. m., the defendant collided his automobile with an automobile being driven by one Charles Cearley, who had as passengers with him his wife and two small children. The evidence discloses that the Cearley automobile was traveling north on the highway a short distance east of Turley, Oklahoma, and defendant's automobile was proceeding south. Upon approaching the Cearley car, the defendant swerved over to Mr. Cearley's side of the road, about one-half block before he collided with the Cearley automobile. No great amount of damage was done and no one was injured. The defendant got out of his automobile on the driver's side as did Mr. Cearley. Shortly after the collision occurred, one Tim Hunt, and one Edward Hunt stopped their automobile at the scene. They heard Mr. Cearley and defendant in conversation. The conversation was had across the hoods of their automobiles. (Hence, Mr. Cearley was not close enough to smell defendant's breath.) Defendant,

Wilson, stated to Mr. Cearley that he did not have a driver's license and he did not want him to report the occurrence to the Highway Patrol. Mr. Cearley said that the defendant talked as if he might have thick lips or a thick tongue and he was positive the defendant was very intoxicated. When the defendant started back to his car, he had trouble, "He was holding himself to get back in. He was holding on to his car."

Mrs. Cearley corroborated this testimony as did Tim and Edward Hunt. It was the opinion of all of them that the defendant was intoxicated. All four of the witnesses testified that shortly after having the conversation with Mr. Cearley, the defendant got in his automobile, raced the motor, backed up, circled into the ditch, and proceeded to leave the scene of the collision. Mr. Cearley procured the license number of the defendant's automobile and shortly thereafter called the Highway Patrol.

Highway Patrolmen Frank Thurman and Pete Forneris, in response to that call, came to the scene of the accident where they found the Cearleys awaiting their arrival. They observed that the defendant had struck Mr. Cearley's automobile in the north bound lane, Mr. Cearley's side of the highway. Just before they had completed their investigation, they received another call involving the defendant's automobile. On receipt of this information, they went to the North 56th Street between Peoria and Lewis Avenues in Tulsa where they found an automobile bearing the license number which had been provided them by Mr. Cearley. Apparently, the car had gone off the roadway and stopped on the shoulder, partly in the ditch, and completely off the road. A check of the automobile disclosed the defendant, Wilson, inside the same smelling strongly of the odor of intoxicants. In fact, so intoxicated he had passed out and it was necessary to assist him to get him in the patrol car. It was the testimony of these two officers that the defendant was under the influence of intoxicating liquor at that time. In the front seat of the automobile, they found a partially filled bottle of whiskey.

The defendant's defense offered by himself and his mother was to the effect that he had been having severe headaches since he was released from the United States Army and he was having one of these headaches when he approached Mr. Cearley's automobile, whose headlights so blinded him he could not see. He related that there were times when he would completely pass out from these headaches. His mother corroborated him in this testimony. He denied he was intoxicated at the time of the collision. He said he had not had a drink out of the bottle of whiskey until after he had parked his car in the barrow ditch in Tulsa. He admitted he was under the influence of intoxicating liquor at the time the officers found him. On cross-examination, he further admitted that he had prior convictions for burglary and for drunk driving.

The defendant contends that the evidence is insufficient to support the conviction and that the court erred in overruling his motion for a directed verdict.

■■ The evidence herein is in strong conflict, but nevertheless, presented a question for the sole determination of the jury. As was said in Sholes v. State, 97 Okl.Cr. 158, 260 P.2d 440, 442:

> "Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this court will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Stuart v. State, Okl.Cr., 280 P.2d 755. The trial court did not err as hereinbefore complained of.

The judgment and sentence is affirmed.

POWELL and NIX, JJ., concur.