EARNEST McLEMORE v. STATE.

No. A-8587.  Nov. 17, 1933.
(27 Pac. [2d] 172.)

Billingsley & Kennerly, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county of obtaining lodging with intent to defraud, and was sentenced to pay a fine of $100 and to serve 60 days in the county jail. The offense charged is under section 2097, Okla. Stat. 1931, which is:

"Any person who shall obtain food, lodging or other accommodations at any hotel, inn, boarding or eating house or rooming house, with intent to defraud the owner or keeper thereof, shall be guilty of a misdemeanor and upon conviction thereof shall be fined not exceeding $100, or be imprisoned in the county jail not exceeding three months, or punishment by both such fine and imprisonment. Proof that lodging, food and other accommodations were obtained by false pretense or by false or fictitious show or pretense of any baggage or other property, or that he gave a check or negotiable paper on which payment was refused, or that he left the hotel, inn, boarding or rooming house without payment or offering to pay for such food, lodging or other accommodation, or that he surreptitiously removed or attempted to remove his baggage, or that he registered under a fictitious name, shall be prima facie proof of the intent to defraud mentioned in this section; but this act shall not apply where there has been an agreement in writing for delay in payment."

The evidence is very brief. It is that defendant engaged lodging at a rooming house or hotel operated by one Mrs. Morey, for which he engaged to pay the sum of $15 per month. He paid the first month's rent, but made no other payments. He became indebted for a sum of $105. Frequent demand for payment was made, and it appears defendant said in substance at various times that he expected to make collections and make payment. Finally the proprietor of the hotel filed a civil suit and a few days afterwards was complaining witness in this prosecution.

There is no sufficient proof of a violation of any of the provisions of section 2097. It is shown inferentially that defendant left the rooming house of prosecutrix without paying, but this statute and the related sections 2098, 2099, Okla. Stat. 1931, were not intended as means of collection of a debt. If so, they would be in violation of section 13, art. 2, state Constitution. The statute, while general in its terms, is particularly directed against those who make direct false pretenses or constructive false pretenses as by a fictitious show of property, or who give worthless checks or other negotiable paper or make other false pretense, or who register under a fictitious name, or who surreptitiously leave with intent to defraud.

Under a fair construction it cannot apply in a case as made by the prosecution here, where defendant is not a transient, but resides at the place where he obtains lodging, where he obtains for a long period of time credit on a promise to pay, although he does not carry out such promise. A mere failure to pay is not a crime.

The case is reversed.

DAVENPORT and CHAPPELL, JJ., concur.