Noel Bruce OGELSBY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13589.

Court of Criminal Appeals of Oklahoma.

March 2, 1966.

Wilkerson & Wilkerson, Pryor, for plaintiff in error.

Charles Nesbitt, Atty. Gen., James R. Fuson, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, hereinafter referred to as defendant, as he appeared in the trial court, was first charged conjointly with his aged uncle for the crime of kidnapping. The defendants were granted a severance, and this defendant was subsequently tried before a jury, and was convicted of the crime charged. Judgment and sentence was passed on April 8, 1964, wherein the defendant was sentenced to serve one year in the state penitentiary.

The defendant was granted a preliminary hearing, at which he was represented by counsel. The alleged victim, Frank Brent, was present and testified, and the testimony was recorded by the district court reporter. The defendant was bound over to the district court, and the alleged victim was placed under a $1500 appearance bond as a material witness.

On October 7, 1964 defendant's petition in error was filed with the casemade in this court. March 15, 1965 the Attorney General filed a motion to strike the casemade and to dismiss the appeal, on the grounds that the casemade was not timely served on the county attorney.

Under the present statutes, the Attorney General's motion should be, and the same is hereby overruled, and the appeal is considered on its merits.

The information under which the defendant was prosecuted recites the following:

"* * * [T]he said defendants, while acting conjointly and together, * * * did then and there wilfully, wrongfully, unlawfully and feloniously and without authority, forcibly seize, confine and kidnap one Frank Brent, for the purpose of extorting a thing of value and advantage from the said Frank Brent, * * *."

The testimony offered by the State to support the charge consisted of the follow-

ing: that of the law enforcement officers, who testified that they had diligently searched for the missing witness, Frank Brent, who failed to be present to testify at defendant's trial; also, the law enforcement officers who apprehended the defendant and his uncle; and the transcript of the testimony of Frank Brent, as recorded at the preliminary hearing.

The defendant took the witness stand in his own behalf, and was the only defense witness offered.

In his petition in error, defendant sets out ten assignments of. error. We do not consider it necessary to discuss all of those assignments.

In his first and second assignments of error, the defendant contends that the verdict rendered was contrary to law; and that such verdict was not sustained by sufficient evidence. With those contentions we must agree.

The defendant was charged under Title 21 O.S.A. § 745, but he was convicted under the provisions of Title 21 O.S.A. § 741. This section provides three situations under which the crime of kidnapping may be accomplished. Section 741 reads:

"Kidnapping defined:

"Every person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, *with intent*, either:

"First. To cause such other person to be secretly confined or imprisoned in this State against his will; or

"Second. To cause such other person to be sent out of this State against his will; or,

"Third. To cause such person to be sold as a slave, or in any way held to service against his will, is punishable by imprisonment in the penitentiary not exceeding ten years. Upon any trial for a violation of this section, the consent thereto of the person kidnapped or confined, shall not be a defense, unless it appears satisfactorily to the jury, that such person was not extorted by threat, or by duress." (Emphasis added.)

The charge against this defendant was laid under the provisions of § 745, however, the trial judge included in his instructions to the jury that they could make a finding "of lesser offense", and then recited in instruction No. 9 the provisions of Title 21 O.S.A. § 741 verbatim. The jury did this, in reaching its verdict. The finding of guilty "of the lesser offense" placed the defendant's charge under the provisions of Section 741.

Section 741 requires the proof of "specific intent" as an independent fact. After a complete review of the record before us, we are unable to find that the State alleged the intent required, nor offered sufficient proof of "specific intent" against the defendant.

This Court discussed in detail the requirements of § 741 in Vandiver v. State, 97 Okl.Cr. 217, 261 P.2d 617, a case in which the defendant was charged and convicted for the crime of "assault with intent to commit a felony: kidnapping":

"* * * [I]n the within case specific intent was an element of the crime charged, and in order to make out a case it was necessary for the State to prove as an independent fact the intent charged."

Again, referring to Vandiver v. State, supra, this Court further stated:

"It is true that intent, in a case where specific intent is a necessary element of the offense, is a question of fact for the jury, to be determined from all the circumstances and beyond a reasonable doubt, but where the facts proven afford no reasonable ground for inference as to intent, it necessarily follows that the question should not be submitted to the jury."

This case falls within that category.

The Attorney General states in his brief that the evidence is sufficient to "impute intent". However, we think the rule stated in 22 C.J.S. Criminal Law § 32

page 117, is more appropriate when the statute requires "specific intent", as does the Oklahoma statute:

"A specific criminal intent is not presumed, and conviction cannot be had on the basis of an imputed intent. The general rule, stated infra § 34, that a criminal intention will be presumed from the commission of the unlawful act does not apply. No intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of proof of the requisite *specific intent.*" (Emphasis supplied.)·

21 Am.Jur.2d, § 82, at page 164, recites:

"If a specific intent is required by statute to constitute a crime, such intent enters into the nature of the act itself and *must be alleged and proved.*" ·

(Emphasis added.)

Admittedly, specific intent may be, and most generally is, proved by circumstantial evidence. However, in the instant case even though one admits that the circumstantial evidence is sufficient to show intent, the statute provides for "specific intent", and such intent was not alleged in the information filed against this defendant.

■ The information, under which this defendant was charged, was sufficient to lay the charge under Title 21, O.S.A. § 745. But the information did not allege the intent required under Title 21, O.S.A. § 741. Therefore, we must conclude that it was reversible error for the court to give instruction No. 9 which recites verbatim, section 741, supra, as being "the lesser included of-

fense". In fact, a charge laid under section 741 is a separate offense, and requires the allegation of "specific intent", which is missing in the information in this case.

■■ This Court has held many times that the verdict must be responsive to the issues joined by the information, and the plea of the defendant. In this case, such was not true. As the Court recited in Ex parte Harris, 8 Okl.Cr. 397, 128 P. 156:

"The judgment of the court must in all cases be based upon the verdict of the jury, and the verdict of the jury must be responsive to the issue joined by the indictment or information and the plea of the person on trial thereto, otherwise the court is without jurisdiction to render judgment thereon."

See also Ex parte Muse, 56 Okl.Cr. 232, 37 P.2d 317; Curtis v. State, 86 Okl.Cr. 332, 193 P.2d 309.

In the instant case, the judgment of conviction was not responsive to the issue embraced in the charge. Therefore, the verdict rendered was contrary to law, and will not be permitted to stand as it is.

■ We observe that instruction No. 5 was the instruction defining "reasonable doubt", which this Court has criticized for many years. Without dwelling on the subject, we will only say again that such instruction is improper, and should not be given.

Therefore, for the reasons herein stated, this case should be, and the same is reversed.

NIX, J., concurs.

BUSSEY, P. J., concurs in the results.