Gladys Juanita **SULLATESKEE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14062.

Court of Criminal Appeals of Oklahoma.

June 7, 1967.

Earl Truesdell, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblanche, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Gladys Juanita Sullateskee was charged in the Municipal Criminal Court of the City of Tulsa, Tulsa County, Oklahoma, with having in her possession 556 bottles of tax paid alcoholic beverage with intent to sell same, without having first procured a license therefor from the Oklahoma Alcoholic Beverage Control Board.

A jury was waived and the case tried to the Judge of said Court, the Hon. Luther P. Lane, who found the defendant guilty and assessed punishment at a fine of $25. Appeal has been perfected to this Court.

Defendant's only contention for reversal is that the State introduced no evidence to show that the whiskey found was in the possession of the defendant, with an intent on the part of the defendant to sell same.

The State introduced but one witness, a police officer of the City of Tulsa, who testified that he had a search warrant for the Rainbow Bar, located in the city of Tulsa. On direct examination he testified:

"A The Rainbow Bar is located on the southwest corner of Second and Detroit. We entered the Bar and served the warrant on Mrs. Sullateskee, and then searched the premises, and there is a room located on the southwest portion of the Bar, and in there we found approximately 50 cases, or 556 bottles of tax paid whiskey.

\*    \*    \*    \*    \*    \*

"Q Who was in charge of the premises when you arrived that evening, Officer Glanz? A. *Mr.* Sullateskee.

Q Had you ever been in that place, any time prior?

A Yes sir.

Q Who was in charge of the premises on those times prior? A Different barmaids.

Q Is Mrs. Sullateskee a barmaid, or the owner, if you know? A She is a barmaid.

By the Court: Do you know who the owner is? A. Yes, sir, the owner was R. E. Herrington."

The court also asked the witness: "Was there anything on the wall that would indicate they had a license?" To which witness replied: "No, sir, they were not holders of Federal or State alcohol Beverage license."

The court further asked: "Whatever happened to Herrington?" and the witness replied, "His beer license was revoked, and the Bar was closed." By the court: "By the County Judge? A Yes, sir."

The officer further testified that 13 persons were arrested for being drunk. On cross-examination he testified that he asked the defendant about a key to the room where the liquor was found, and she said she did not have one, and the officers were forced to break the lock. He stated also that he did not see any liquor bottles in the place of business, but the 13 persons arrested were drunk.

**738**

In the within case, specific intent was an element of the crime charged, and in order to make out a case, it was necessary for the State to prove as an independent fact the intent charged—to sell alcoholic beverages. There was no proof that the defendant had possession or control of the liquor seized, or that she had "on the same date, or within fifteen days prior thereto [as provided in Tit. 37 O.S.A. § 568] sold any such beverage." We think the rule stated in 22 C.J.S. Criminal Law § 32, pg. 117, is appropriate, when the statute requires specific intent, as does this Oklahoma statute:

"A specific criminal intent is not presumed, and conviction cannot be had on the basis of an imputed intent. The general rule, stated infra § 34, that a criminal intention will be presumed from the commission of the unlawful act does not apply. No intent in law or mere presumption, differing from the intent in fact, can be allowed to supply the place of proof of the requisite specific intent."

And, 21 Am.Jur.2d, § 82, at page 164, states:

"If a specific intent is required by statute to constitute a crime, such intent enters into the nature of the act itself and must be alleged and proved."

Admittedly, specific intent may be, and most generally is, proved by circumstantial evidence. However, in the instant case even though one admits that the circumstantial evidence is sufficient to show the intent, *on the part of someone,* to sell the alcoholic beverages, such is not applicable to this defendant.

In the instant case the crime charged was: "possession with intent to sell".

However, there was no positive showing that this defendant was the owner, or operator, of the Rainbow Bar; nor was there any actual proof that the defendant had sold, or offered to sell, any of the liquor. Instead, the prosecution proved by its own witness that one R. E. Herrington owned the establishment.

The case at bar can readily be distinguished from Lambert v. State, Okl.Cr., 374 P.2d 783, cited by both the defendant and the State, in that in the Lambert case the officers found a federal liquor license hanging on the wall, which this Court held showed the intent to sell the liquor found. In the instant case, no such license was found.

The trial judge stated, at the conclusion of the trial:

"I will hold that the presence of drunks indicate, and with a large quantity of liquor like that, there is some selling going on."

There is little doubt in our minds that, from a practical point of view, the judge was quite right in his ultimate conclusion; but nonetheless, such is not sufficient to support the proof required for the element of "specific intent", which was included in the charge against this defendant.

From a careful consideration of the evidence introduced, we are of the opinion that the prosecution failed to prove that this defendant was in possession of the alcoholic beverage found, with intent to sell the same.

It follows, therefore, that the judgment and sentence of the Municipal Criminal Court of the City of Tulsa must be, and the same is, hereby reversed.

NIX, P. J., and BUSSEY, J., concur.