**William Joseph LEE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13836.**

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

George Briggs, Shoemake & Briggs, Pawhuska, for plaintiff in error on appeal.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

William Joseph Lee, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma, for the crime of Rape. He was sentenced to serve a term of 20 years imprisonment in the State Penitentiary at McAlester, and from said judgment and sentence he appeals.

There are numerous assignments of error argued on appeal, but it will be unnecessary to deal with them in this opinion, for from our examination of the record, we are of the opinion that the principal court-appointed counsel who represented the defendant, Mr. A., did not adequately prepare for trial as is reflected on one occasion in the record when the following proceedings occurred:

"MR. D.: For the purpose of the record, the defendant comes now and requests a recess in order that we may locate the witnesses that are material for the defendant in this case. The Sheriff's Office has not been able to locate and serve the subpoenas upon the witness.

THE COURT: Again, I want the record to show that the information has been pending in this court since about the 19th day of February, 1965, and I have before me the court files and the file does not reflect that a praecipe and subpoena has been filed for the witnesses Helen Allen, Phyllis Blue, Tom Ray; that this *does not reflect due diligence* on the part of the defendant; that no praecipe for subpoena has been filed with the clerk and the case has been set for trial now, on Thursday last, for approximately two weeks and the motion for continuance therefore will be denied. (emphasis ours)

MR. A.: For the record, the praecipe for the subpoenaes are now on file with the clerk of the District Court, having been filed this a. m., at 8:30 o'clock, and that the—additional praecipe was filed at 12:15 p. m.

THE COURT: This date?

MR. A.: This date, both this date and that both were filed on this date because of the—because the defense attorney, Mr. A., was not to continue with the case and requested the Court and was granted permission to withdraw as attorney of record.

THE COURT: Now, let's make the record clear on that, Mr. A., You came in here, you asked leave to withdraw and I permitted you to withdraw, you had been attorney of record in this case for over a month, but I reappointed you as attorney for the defendant and appointed Mr. D., Public Defender, to assist you, is that not correct?

MR. A.: That is correct, Your Honor.

THE COURT: All right."

The lack of diligence of the court-appointed attorney can also be demonstrated when he failed to object to the court's instruction on reasonable doubt. The complained of instruction, as it appears in the casemade is as follows:

"No. 4. A reasonable doubt does not mean a fanciful doubt, or a whimsical or capricious doubt, for anything related to human affairs and depending upon human testimony is open to some possible or imaginary doubt. When all the evidence in the case, carefully analyzed, compared and weighed by you, produces in your minds a settled conviction or belief of the defendant's guilt, such a conviction as you would be willing to act upon matters of the highest importance relating to your own affairs, when it leaves your minds in the condition that you feel an abiding conviction amounting to a moral certainty of the truth of the charge, then, and in that event you would be free from a reasonable doubt.

Absolute or mathematical certainty is not required, but there must be such certainty as satisfies your reason and judgment, and such that you feel conscientiously bound to act upon it."

Since territorial days this Court has repeatedly criticized the practice of the trial courts attempting to define reasonable doubt and when properly objected to, have in many instances, treated the instruction as reversible error.

In reversing this case, we observe that the attitude and conduct of the defendant toward the court and counsel left much to be desired, and that he should exercise due diligence in securing counsel of his own choice a sufficient length of time before trial to adequately prepare his defense.

Reversed and remanded for a new trial.

NIX, P. J., and BRETT, J., concur.