**Fred McFAY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14468.**

Court of Criminal Appeals of Oklahoma.

July 30, 1969.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

MEMORANDUM OPINION

NIX, Judge.

Fred McFay was charged in Caddo County Court by information with the crime of Possession of Alcoholic Beverage with Intent to Sell. He was tried before a jury, found guilty, and sentenced to Thirty Days in the County Jail, and to pay a fine of $250.00, and costs. He lodged his appeal in this Court in the time prescribed by law, claiming as the main contention of error that the evidence is not sufficient to sustain the verdict.

The State produced four officers upon whose testimony they relied for conviction. Officer Gentry, an undercover man, testified he hired a cab to take him someplace to get a pint of whiskey. The cab driver took him to the "Cocoa Mellow" club, located in the 100 block East Washington. Upon arrival, the cab driver went in said club and returned to the car, pulled out a half pint of whiskey and handed it to Mr. Gentry, who in turn gave the cab driver, George Wright, $2.00. This occurred December 3, 1966. Officer Givens testified that on December 3, 1966, he was staked out at the "Cocoa Mellow" club between eleven and twelve p. m., and saw a cab drive up, the driver get out of the car and went to a tin building south of the club and he and defendant went into the club and came out and saw the cab driver put something in his belt. He then left and went back to the station. Officer Pendley testified that on December 18, 1966 (15 days after Gentry had the cab driver get him the half pint of whiskey), he and others, Officers Guesby, Dale Boone, Jerry Gentry, Gene Pendley, Cecil Dyer, and Chief Harrison observed defendant's pickup sitting on the west side of the "Cocoa Mellow" club. The light was shining in from the building into the cab of the pickup and they observed five bottles of wine,

and other cases sitting in front of the pick-up, including 21 half-pints of whiskey. This constitutes the State's case. The defendant rested after moving for a directed verdict.

■ The statute under which the action was filed was 37 O.S.1961, § 568, which reads as follows:

"It shall be unlawful for any person, firm, or corporation to have in their possession any alcoholic beverages with the intent to sell the same without having first procured a license therefor from the Oklahoma Alcoholic Beverage Control Board as now provided for by law;
* * *."

As your writer interprets this section of law, there are three distinct elements to the crime herein related: (1) Possession of a quantity of intoxicating liquor; (2) Without a State license; and (3) With specific intent to sell.

■ The testimony as reflected by the record was sufficient to prove two of these elements—that defendant was in possession of a quantity of alcoholic liquors and that he had no State license for that purpose. However, the "specific intent to sell" is lacking in strength to support the charge. The proof in that respect was that fifteen days before the alleged possession, a cab driver (who was never called by the State) sold the officer a half-pint of liquor, after having returned from defendant's "Cocoa Mellow" club. The most the evidence did, in this respect, was create a suspicion or presumption that defendant sold it to the cab driver. Suspicion of guilt of accused is not proof.

This Court said in the case of Ogelsby v. State, Okl.Cr., 411 P.2d 974:

"A specific intent is not presumed, and conviction cannot be had on the basis of an imputed intent. The general rule, that a criminal intention will be presumed from the commission of the unlawful act does not apply. No intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of proof of the requi-

site specific intent. 22 C.J.S. Criminal Law § 32."

Also, in the case of Sullateskee v. State, Okl.Cr., 428 P.2d 736:

"In a case where specific intent is an element of the crime charged, it is necessary for the State to prove such specific intent as an independent fact."

They said further:

"It is incumbent upon the State to prove every essential element of the crime charged by evidence beyond a reasonable doubt, and a conviction based upon evidence which raises merely suspicions will not be allowed to stand."

Had George Wright, the cab driver, been called as a witness, the missing element of proof could have been supplied, and the missing link could have been forged together with the other two elements of the crime.

Without proof of specific intent to sell, no crime has been proven. The case is, therefore, reversed and remanded with instructions to acquire proof of specific intent to sell, or dismiss.

BRETT, P. J., and BUSSEY, J., concur.