**John C. FELLOWS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–17656.**

Court of Criminal Appeals of Oklahoma.

March 19, 1973.

Roehm A. West, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, John C. Fellows, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Cherokee County, Case No. CRF–71–44, for the crime of Unlawful Sale of Stimulant. The record reflects, however, that an erroneous judgment and sentence was entered on March 15, 1972, showing the defendant to have been convicted of Unlawful Sale of Marijuana, and sentenced to a term of one (1) year and one (1) day in the State Penitentiary. On November 22, 1972, the court entered a corrected judgment and sentence, properly reflecting that defendant was sentenced for the offense of Unlawful Sale of Stimulant. From that judgment and sentence, a timely appeal has been perfected to this Court.

Defendant was initially charged with acting together and in concert with Larry Edward Moore for the Unlawful Sale of a Stimulant. Due to numerous defense motions, regarding Defendant Fellows, co-defendant Moore had an earlier and separate preliminary hearing. Defendant was granted a severance and on January 8, 1972, had a separate preliminary hearing; and he was later tried individually.

Briefly stated, the facts show that Paul Clark, a security officer at Northeastern State College, testified for the State that he was introduced to the defendant on February 5, 1971, and pursuant to his conversation with defendant, he and defendant agreed to meet later than evening at the Smoker's Bar, so that Clark could purchase three tablets of LSD from defendant. Meeting at the prearranged time, defendant entered the bar with Larry Moore and informed Mr. Clark that if he still wanted the LSD he would have to get it from Larry Moore, since defendant did not have any on his person. At this point, Clark and Moore walked into the men's room where the transaction occurred. Defendant did not accompany them to the men's room, but remained in the middle of the barroom area. Witness Clark testified that upon leaving he indicated to defendant that he was interested in purchasing more LSD, but the defendant made no reply.

Clark testified that he turned the tablets over to Security Officer Sunderland, who in turn gave them to Mr. Frusher, the Security and Safety Director at Northeastern State College.

The record reflects that one of the tablets was sent to the State Crime Bureau for analysis and was found to contain Lysergic Acid Diethylamide (LSD).

The defendant asserts several propositions of error, only one of which we need examine.

Defendant's third proposition asserts error of the trial court in the giving of an instruction defining reasonable doubt. The instruction given reads as follows:

> "Reasonable doubt is that doubt beyond a moral certainty, but a reasonable doubt is not meant beyond any doubt."

■ This Court finds the proposition to be well taken. We have repeatedly held that trial courts should not attempt to define reasonable doubt. An attempt by the judge to define reasonable doubt for the jury, alone would constitute error. Lorenz v. State, Okl.Cr., 406 P.2d 278 (1965). See also Lee v. State, Okl.Cr., 430 P.2d 858 (1967), Wilson v. State, Okl.Cr., 403 P.2d 262 (1965), and Ogelsby v. State, Okl.Cr., 411 P.2d 974 (1966).

■ From a reading of the entire record, this Court is of the opinion that defendant's guilt or innocence, from the evidence presented, would have been a difficult determination to make even under proper and unambiguous instructions. Accordingly, in the interest of justice, the judgment and sentence appealed must be reversed and remanded.

BUSSEY, J., concurs.