**Carlton Lee WAGONER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–79–506.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1980.

Mark Lea Cantrell, El Reno, for appellant.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

The appellant, Carlton Lee Wagoner, was charged in the District Court of Canadian County with a violation of 21 O.S.1971, § 1503, Defrauding an Innkeeper. The jury found the appellant guilty of the above charge, After Former Conviction of a Felony, and assessed a sentence of one and one–half (1½) years' imprisonment, in conformance with 21 O.S.1971, § 51. The defendant was sentenced accordingly.

The pertinent facts reveal that on June 18, 1978, the appellant and his common–law wife, Lucinda Sherman Wagoner, rented a room at the Phillips Motel in El Reno from the complaining witness, Virgil Hendricksen. The two lived in the room, along with Ms. Wagoner's two children, until early August when the children left, and the appel-

lant and his wife moved to a smaller room in the motel. In late September, Hendricksen observed that the appellant's car had been gone from the parking lot for three or four days. He testified that he entered the room, not knowing whether the appellant had departed permanently or intended to return, and found numerous articles of clothing. On the fifth day of the appellant's absence, Hendricksen removed the appellant's belongings from the room. Hendricksen further testified that the appellant had established credit with him during his occupancy and had made periodic payments, although the balance was never completely paid. He testified that at the time the appellant departed a balance of $419.98 remained unpaid. Hendricksen's testimony revealed that Ms. Wagoner telephoned him in late September and advised him that she and the appellant planned to return. He testified he could not remember the exact date of this call or the length of time the appellant had been gone at the time of the call. His record showed, however, that on October 2, 1978, a $50.00 payment was made by Ms. Wagoner on the balance of the account. This payment was made approximately one week after he had sought out the appellant at a local bowling alley where the appellant had promised to pay the entire balance as soon as he could raise the money.

The appellant's first assignment of error is that the trial court erred in overruling his demurrer to the evidence, since, he argues, the State failed to make a prima facie case against him. More specifically, his contention is that the evidence presented by the State in its case in chief was insufficient to show the requisite intent to defraud, necessary for a conviction under the statute.

The statute under which the appellant was convicted, 21 O.S.1971, § 1503, reads in pertinent part:

"Any person who shall obtain food, lodging, services or other accommodations at any hotel, inn, restaurant, boarding house, rooming house, motel or auto camp, with intent to defraud the owner or keeper thereof, ... if the value of such food, lodging, services, or other accommodations be more than Twenty Dollars ($20.00), any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the state penitentiary for a term not exceeding five (5) years.... Proof that such lodging, food, services or other accommodations were obtained by false pretense or by false or fictitious show or pretense of any baggage or other property, or that he gave a check on which payment was refused, or that he left the hotel, inn, restaurant, boarding house, rooming house, motel, apartment house, apartment, rental unit or rental house, trailer camp or auto camp, without payment or offering to pay for such food, lodging, services or other accommodation, or that he surreptitiously removed or attempted to remove his baggage, or that he registered under a fictitious name, shall be prima facie proof of the intent to defraud mentioned in this section; but this Act shall not apply where there has been an agreement in writing for delay in payment."

In its brief the State argues that the evidence that the appellant left the motel without paying or offering to pay is sufficient to establish a prima facie showing of intent to defraud. While a plain reading of the statute could support such an interpretation, this Court in the case of *McLemore v. State*, 55 Okl.Cr. 155, 27 P.2d 172 (1933), construed the statute (then O.S.1931, § 2097) in a different light. This Court stated:

"... The statute, while general in its terms, is particularly directed against those who make direct false pretenses or constructive false pretenses as by a fictitious show of property, or who gives worthless checks or other negotiable paper or makes other false pretense, or who register under a fictitious name, or who surreptitiously leave with intent to defraud.

"Under a fair construction it cannot apply in a case as made by the prosecution here, where defendant is not a transient, but resides at the place where he obtains

lodging, where he obtains for a long period of time credit on a promise to pay, although he does not carry out such promise. A mere failure to pay is not a crime."

The facts in *McLemore* are similar in many respects to the facts in the instant case. As construed there, the fact that the appellant left the motel for a few days is insufficient alone to show an intent to defraud. Furthermore, the testimony of Hendricksen revealed that the appellant, through his wife, contacted him before their return to El Reno, and after their return made a partial payment on the balance owing the motel, as well as a promise to satisfy the obligation. This testimony further negates any inference of an intent on the appellant's part to defraud the complaining witness.

In *Oglesby v. State*, Okl.Cr., 411 P.2d 974 (1966), this Court stated that while specific intent can be inferred from circumstantial evidence, there must be sufficient evidence present to support the inference. Furthermore, where the evidence brought forth by the State affords no reasonable ground for an inference of specific intent, the question should not be submitted to the jury. *Vandiver v. State*, 97 Okl.Cr. 217, 261 P.2d 617 (1953).

In the instant case, the State's evidence was insufficient on the issue of intent to defraud to warrant presenting the question to the jury. The appellant's demurrer should have been sustained. The judgment of the trial court is, accordingly, *REVERSED.*

CORNISH, P. J., and BRETT, J., concur.