**Marvin Leo BEASLEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–591.**

Court of Criminal Appeals of Oklahoma.

June 24, 1983.

Larry L. Bays, Downer & Bays, Alva, for appellant.

Michael C. Turpen, Atty. Gen., George R. Barr, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

Marvin Leo Beasley, the appellant, was convicted of Obtaining Controlled Drugs by Fraud in Major County District Court, Case

No. CRF–81–43, was sentenced to six (6) months' imprisonment, and he appeals.

Essentially, this case's facts are that on October 7, 1980, the appellant, a research scientist with a Ph.D in chemistry, obtained by prescription, Dilaudid, Codeine, and Quaalude. Later, the pharmacist who filled the prescriptions alleged that the appellant fraudulently misrepresented an Oklahoma Tax Commission number as allowing him to receive controlled drugs for the purpose of research.

The sole issue warranting review on this appeal is whether the evidence was sufficient to prove that the codeine obtained by the appellant was within the controlled drug schedules.[1] Schedule III, 63 O.S.1981, § 2–208.C reads in pertinent part as follows:

> C. Unless listed in another schedule, any material, compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs, or any salts thereof;
>
> 1. Not more than 1.8 grams of codeine, or any of its salts, per 100 milliliters or not more than 90 milligrams per dosage unit, with an equal or greater quantity of an isoquinoline alkaloid of opium;
>
> 2. Not more than 1.8 grams of codeine, or any of its salts, per 100 milliliters or not more than 90 milligrams per dosage unit, with one or more active, nonnarcotic ingredients in recognized therapeutic amounts.

We believe that the statute is clear; for codeine to fall within Schedule III, the State must prove that it is combined with an equal or greater quantity of the ingredients listed therein. As the State offered no evidence at trial that the codeine was combined with any other ingredient, the State clearly failed to meet its burden of proof. See, *Beard v. State,* 410 P.2d 567 (Okl.Cr.1965); *Sullateskee v. State,* 428 P.2d 736 (Okl.Cr.1967). Failure to prove an essential element of the offense charged constitutes fundamental error. *Sheppard v. State,* 306 P.2d 346 (Okl.Cr.1957). Additionally, we note that the jury was given no instructions as to the statutory delineation of the offense's elements.

In its brief, the State would have this Court take judicial notice that Quaalude is the trade name for Methaqualone, listed in Schedule II, 63 O.S.1981, § 2–206, D.7., and hence, have this Court affirm the conviction on that basis alone. However, a review of the record reveals that all of the State's witnesses were competent to testify as to the chemical names and make-up of the drugs obtained by appellant Beasley.[2] Regrettably, no such testimony was elicited by the prosecutor. We therefore decline to take judicial notice of a material fact not apparent on the face of the record.

The evidence in the instant case being insufficient to support the verdict of the jury, the above styled cause is REVERSED and REMANDED to the district court with instructions to DISMISS in accordance with *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

CORNISH and BRETT, JJ., concur.

---

1. At trial, CRF–81–43 was consolidated with CRF–81–42, in which it was alleged that the appellant, by means of similar fraud, obtained Valium, Dilaudid, and Demerol on September 27, 1980. At the hearing on appellant's motion for new trial, the trial judge ruled that the State failed to place Valium, Dilaudid, and Demerol within the schedules. Motion for new trial denied in CRF–81–43 on the basis that codeine was listed. Whether Quaalude was listed was never discussed.

2. The State's witnesses consisted solely of a registered pharmacist, a licensed physician, and an officer of the Oklahoma Bureau of Narcotics and Dangerous Drugs.