Orville Jack **PITTSER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14720.

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Russell B. Fister, Asst. Dist. Atty., Oklahoma County, for defendant in error.

NIX, Judge:

Plaintiff in Error, Orville Jack Pittser, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County with the crime of Kidnapping After Former Conviction of a Felony. He was tried by a jury, found guilty, and sentenced to 38 years in the penitentiary. From that judgment and sentence he has appealed to this Court.

The charge of kidnapping arose on the night of April 26, 1967, when two girls, Rita Carpenter and Judy Allman drove into a Quality Service Station at S.W. 27th and Agnew for gas and to buy some cokes. A man, identified as the defendant, came up in a disheveled condition ·and accosted the attendant, who told him to move on. He then moved around the car and demanded money from the girls. They rolled up the car windows, the station attendant attempted to get the man to go on and leave them alone. The defendant drew a gun on the attendant, and then pointed it at the girls through the window and demanded that they let him in the car or he would kill the attendant and the girls too. They then unlocked the rear car door and let the defendant into the car. He pointed the gun at their heads and demanded that they drive on. He directed them to make several turns, at one point hitting the driver on the face with the gun because she could not make a left turn because of road construction when he told her to. The station attendant, meanwhile, had called the police and given them a description of the car and the tag number. The police apprehended the car on South Shields, the girls ran from the car, and the defendant eventually came out of the car where he was arrested and subsequently charged.

Defendant's first allegation is that the evidence is insufficient. More particularly,

he complains about intent of secretly concealing the victims. He alleges there was no intent to secretly conceal them at any time.

■■■ However, this Court does not agree with this reasoning, and has stated many times that forcing a person to ride in an automobile is sufficient to sustain a verdict of guilty for kidnapping.

In Ratcliff v. State, Okl.Cr., 289 P.2d 152, this Court stated: ·

"In prosecution for kidnapping, where defendant forced twelve year old girl to ride in automobile with him, evidence sustained verdict of guilty."

Also, in Norris v. State, 68 Okl.Cr. 172, 96 P.2d 540:

"One who boards another's automobile without lawful authority, and forces such other to drive him to such place as he desires to go, is guilty of 'kidnapping' the other within the meaning of statute defining kidnapping."

Also, in Williams v. State, Okl.Cr., 321 P.2d 990, at page 992:

"The facts, briefly, in regard to the crime herein alleged are that the victim, Tommy Robert Cooke, a theological student, stopped his car at about 5:30 p. m., Sunday, June 17, 1956, at the stop light at the intersection of Third and Cheyenne Streets in Tulsa, Oklahoma. The defendant, who was standing nearby, *approached and at pistol point forced his way into the Cooke automobile, directing Cooke to drive south on Highway 64. Thus, the crime of kidnapping was completed by these acts.*" (emphasis added)

This writer stated in the dissent in the *Williams* case, supra:

"He accosted the deceased at an intersection in the city of Tulsa, *got in the deceased's car and by aid of a pistol forced his victim to drive into Muskogee County. This consummated the act of kidnapping.*" (emphasis added)

We are of the opinion that the State did show the specific intent to secretly confine the victim, thereby sustaining the ver-

dict of the jury. Also, the trial court instructed the jury regarding this particular point. It was their preogative to decide the issue on the evidence presented.

We are of the further opinion that the sentence of 38 years is not excessive. Defendant had previously been convicted of "Crime Against Nature, After Former Conviction of a Felony", and sentenced to 25 years. This was a very serious crime the defendant committed. He threatened to kill three people. All three testified that he was rational, and knew exactly what he was doing. The defendant could have received a life sentence. In view of the facts of this case, and defendant's previous record, this Court, in good conscience, cannot say that the defendant was prejudiced in any way.

The judgment and sentence of the District Court of Oklahoma County is, therefore, affirmed.

BRETT, P. J., and BUSSEY, J., concur.