## JOHN EMYHTUBBY v. STATE.

No. A-2680.    Opinion Filed January 26, 1918.

(169 Pac. 1124.)

1.  **RAPE—Elements of Offense—Proof.** That the prosecutrix was not the wife of the defendant must be alleged and proved as an essential ingredient of the crime of statutory rape, but this fact may be proved by facts and circumstances in evidence from which the conclusion may be drawn, and direct and positive testimony is not necessary.

2.  **RAPE—Degree—Sufficiency of Evidence.** In a prosecution for statutory rape, the evidence considered, and **held** sufficient to sustain the verdict of guilty of rape in the second degree.

*Appeal from District Court, Marshall County;*
*Jesse M. Hatchett, Judge.*

John Emyhtubby, alias John Wallace, was convicted of rape in the second degree, and he appeals. Affirmed.

*Chas. A. Coakley* and *F. E. Kennamer*, for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, hereinafter called the defendant, was convicted in the district court of Marshall county of the crime of rape in the second degree, and his punishment was fixed at imprisonment in the penitentiary for the term of two years.   He appeals from the judgment rendered in pursuance of the verdict.

The information charges that John Emyhtubby, alias John Wallace, did in said county and state on or about the ——— day of January, 1915, commit the crime of rape upon the person of Nicie Tyubby, a female person under the age of 16 years, to wit, 14 years of age, and not the wife of said defendant, who was then and there a male person over and above the age of 18 years.   It appears from the record that the prosecutrix and the defendant are full-blood Indians, and at the time the act of sexual intercourse by the defendant with the prosecuting witness is alleged to have been committed she lived at the home of her mother, about a mile south of the town of McMillan, in Marshall county.

The principal question presented upon the record is the sufficiency of the evidence to sustain the verdict.   The evidence in the case was substantially as follows:

C. A. Burns, the first witness for the state, testified that he had known defendant for about 12 years; that he was about 22 or 23 years of age; that he was acquainted with Nicie Tyubby, and she was born in May, 1900. Gilbert Pickens testified that the prosecutrix, Nicie Tyubby, was his niece, and that her age was 14 years; that he had

known the defendant about 15 years, and his age was 22 or 23 years; that he was a married man. Mrs. Gilbert Pickens testified that the prosecutrix was the daughter of her sister, and her age was 14 years; that the prosecutrix was the defendant's sister-in-law, and the prosecutrix's mother was the wife of Arch Wallace, a brother of the defendant; that the prosecurtix's baby was born in August, 1915. The prosecutrix testified that the defendant was the father of her baby; that she lived with her mother, Mrs. Arch Wallace, and the defendant visited there, and on two or three occasions he came to her pallet where she was sleeping, and each time had sexual intercourse with her, and that he was the father of her baby. This was all the evidence in the case.

The first contention of counsel for the defendant is that "the state failed to prove by any competent testimony that the defendant was over the age of 18 years." It is sufficient to say that the contention is wholly destitute of merit.

The next contention is that "the state failed to prove that the prosecuting witness, Nicie Tyubby, was not the wife of the defendant." It is true there is no direct testimony that the prosecutrix was not the wife of the defendant, but it was shown that the prosecutrix, at the time a child under the age of 14 years, was living with her mother, and bearing her maiden name. We think that the facts and circumstances in evidence indicate beyond question that the prosecutrix was not the wife of the defendant.

In the case of *Brenton v. Territory*, 15 Okla. 6, 78 Pac. 836, Ann. Cas. 769, the court said:

"One of the material averments necessary to be proved by the territory is that the prosecutrix was not the wife of the defendant. It is not necessary that such averment shall be proved by direct and positive testimony. Any facts and circumstances in evidence from which the jurors were satisfied beyond a reasonable doubt that she was not his wife were sufficient."

It is also urged that there is a fatal variance between the allegations of the information and the proof, in that it is alleged the rape was committed upon the person of Nicie Tyubby, while the record shows the prosecutrix testified as follows: "Q. Your name is Mary Anoatubby? A. Yes." It appears that all the other witnesses testified that the prosecutrix's name was Nicie Tyubby, and no question was raised as to the identity of the prosecutrix in the court below. The question was not raised by request for an instruction, nor was it raised in the motion for a new trial, and is raised for the first time in this court.

Only prejudicial errors raised by exceptions reserved require a new trial, and it is only when we are satisfied that the verdict was contrary to law, or to the evidence, or that injustice has been done,. that we are permitted to reverse a conviction, whether or not an exception has been taken in the trial. court.

After a careful examination of the record our conclusion in this case is that the verdict was in accordance with the evidence.

Finding no prejudicial error in the record, the judgment appealed from is affirmed.

ARMSTRONG and MATSON, JJ., concur.