LAW v. STATE.

No. A-11304.   Nov. 15, 1950.

(224 P. 2d 278.)

Ash & Bailey, Cordell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Wesley Law, was charged by an information filed in the district court of Washita county with the crime of rape in the second de-

gree; was tried before a jury who returned a verdict of guilty but left the punishment to be fixed by the court. The defendant was thereafter sentenced to serve five years imprisonment in the penitentiary, and has appealed.

The single proposition presented by the appeal is whether the evidence was sufficient to sustain the conviction.

The rape was alleged to have been committed in May, 1948, upon the person of Geraldine Speck, a girl between the ages of 14 and 16. She testified that one night in May, 1948, she went to a drugstore in the town of Gotebo with her cousin, Ola B. Hester. While in the drugstore they met Kenneth Anderson and the defendant, Wesley Law. They then drove in a pickup with these two men to the town of Mountain View. After a short stop they drove north of Mountain View to the defendant's home. Defendant's wife was away from home at that time visiting relatives in Virginia. Ola B. Hester and Kenneth Anderson went into the bedroom and stayed about ten minutes. They then came out and she and the defendant went into the bedroom and he there had sexual intercourse with her. She told her mother about this incident about three months later, and her mother took her to the county attorney and then to the office of Doctor Roy Anderson for a physical examination.

Doctor Anderson testified that on August 27, 1948, he examined Geraldine Speck and found that the hymen had been ruptured. He further said that at that time she was infected with gonorrhea.

Ola B. Hester, a married woman, testified that she had had several acts of sexual intercourse with Kenneth Anderson; that on the night in question she had the sexual act with Kenneth Anderson in the bedroom of the de-

fendant's home; that she and Anderson then took a walk and when they returned the defendant and Geraldine came out of the bedroom; that Geraldine said the defendant had had intercourse with her.

Kenneth Anderson testified to the meeting and the trip to defendant's home substantially the same as was testified to by the prosecutrix. He further testified that the defendant later told him that he had had sexual intercourse with Geraldine Speck and the defendant also told him that he was infected with gonorrhea.

The defendant testified in his own behalf that he did not have sexual intercourse with Geraldine Speck. He admitted meeting with her on the night in question and going to his home, but he said that he did not want her to go along on the trip but that Ola B. insisted that she go.

The general rule applied by this court in rape cases is that a conviction for rape may be sustained upon the uncorroborated evidence of the outraged female, except that in cases where her evidence is contradictory, uncertain, improbable, or she has been impeached, then it is necessary that her evidence be corroborated. Weston v. State, 77 Okla. Cr. 51, 138 P. 2d 553; Gullatt v. State, 80 Okla. Cr. 208, 158 P. 2d 353; Roberts v. State, 87 Okla. Cr. 93, 194 P. 2d 219. In this case there seems to be very little doubt from the evidence but what the defendant had sexual intercourse with the prosecutrix with her consent and co-operation. However, because of her age, her consent does not prevent the act from constituting the crime of rape in the second degree. 21 O.S. 1941, §§ 1111 and 1114.

At the time of oral argument the county attorney and the Assistant Attorney General stated to the court that

in their opinion the punishment assessed by the court was excessive under the facts and they each recommended that in case of an affirmance of the conviction that the punishment be reduced to a term of three years imprisonment in the penitentiary.

Most of the blame for the plight in which the young woman found herself could be attributed to her association with her older cousin who virtually admitted that she was a prostitute. The defendant had never met the prosecutrix until the night the sexual act was committed, but his associate, Kenneth Anderson, had had previous sexual relations with the married cousin, Ola B. Hester. The mother of the prosecutrix testified that her daughter was fourteen years of age in March, 1948, just two months prior to the time the act was committed. It is not shown that the defendant had any personal knowledge as to the actual age of the prosecutrix. This, of course, would not condone his conduct under the law in committing the act with a girl who is under the age of sixteen years, but it is a fact that the court should take into consideration in connection with the question as to the amount of punishment which he should suffer for this unlawful act. We agree with the Attorney General. the county attorney, and the mother of the prosecutrix, that the punishment assessed by the court was excessive under the facts, and that the punishment of three years imprisonment in the penitentiary which they recommended is more in line with the requirements of justice.

These parties know the past and present conduct of the prosecuting witness and the background of this affair. When these parties charged with the responsibility of prosecuting such cases state that in their opinion the punishment should be reduced we feel inclined to agree to such recommendation.

It is therefore ordered that the judgment and sentence of the district court of Washita county be modified by reducing the sentence pronounced against the accused from five years in the penitentiary to a term of three years in the penitentiary, and the judgment and sentence as thus modified is affirmed.

BRETT and POWELL, JJ., concur.