Richard R. RATCLIFF, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12201.

Criminal Court of Appeals of Oklahoma.

Oct. 12, 1955.

Oklahoma, with the crime of kidnapping, allegedly committed on October 8, 1954. The information, in substance, alleged that the defendant forceably etc., did seize and confine one Marlys Williams, twelve years of age, with the felonious intent to secretly confine the said Marlys Williams against her will, contrary to law. He was tried by a jury, convicted, his punishment fixed by the jury at ten years in the State Penitentiary, at McAlester, Oklahoma; judgment and sentence was entered accordingly, from which this appeal has been perfected, by transcript.

The evidence discloses in substance that, on the day alleged in the information, about shortly after dark, Marlys Williams, clad in her band uniform, and with her clarinet and case, left home to go to the football field where she intended to play in the band. Her father ordinarily took her in his automobile to such occasions, but at this time he was out of town. Miss Williams, having no means of transportation, proceeded to walk. En route to the football field she was accosted by someone in an automobile. Believing that it was probably some of her friends, she approached the automobile; the door was open and she could not recognize whom it was, but still being of the opinion it was some friend, and he took hold of her hand and told her to get in and she did; he would not release her hand and she was "so scared she did not yell, or anything". He held on to her hand while he was driving. She had only lived in Ada, where this crime was committed, about a week before school started. The defendant told her he didn't have a girl friend and wanted her to be his girl friend. He drove on out on the highway about four miles east of Ada, where he told her to take off her clothes. She begged him to take her back; she tried to get out of the car and couldn't open the door; "he grabbed me by him", she said; "he yanked me over there and just kept driving", and told her he was going to take her for a long ride. That was after he told her to take her clothes off. They approached a Root Beer Stand on the top of a hill and she saw the car keys in the ignition switch; reached over and grabbed them; turned off the car; tried to throw

Sam Y. Colby, Madill, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Richard R. Ratcliff, defendant below, was charged by information, in the District Court of Pontotoc County,

the keys out the right hand window; he grabbed her arm and jerked it back so that the keys went out the window on the driver's side. (Later officers found the keys where she said they were thrown.) The car coasted down the hill for about a quarter of a mile, and the defendant turned into Mr. Chadwick's driveway, where the house was dark. He told her he would call a taxicab and send her back to town. While he was up on the porch, she grabbed her band hat and her clarinet case and ran to the next door neighbors. When the defendant saw her running, he ran around the house. The next door neighbor to Mr. Chadwick's place, a Mr. C. C. Williams, testified that on the occasion in question, about 7:30 o'clock, P.M., Marlys Williams came to his door crying; she appeared scared; he took her in his automobile and took her to her mother's.

The next day the officers made an investigation around the Chadwick household and found clear and distinct shoe tracks, and thereafter procured the defendant's shoes, and the shoes matched the shoe tracks exactly. He was positively identified by Marlys Williams as being the man who kidnapped her, as hereinbefore set forth.

Defendant's testimony was to the effect that this afternoon he had been doing some heavy drinking; that he picked up two little junior high school girls and took them home, but he did not know where they lived, nor whom they were; he then picked up a hitchhiker and carried him to the edge of town where he said the hitchhiker relieved him of his automobile, at the point of a knife.

The automobile involved in this case was one he was driving with the view to making a purchase thereof. He had been vested with the custody of it that afternoon by Mr. Rutledge Beasley, of the Richardson Buick Company; it was a Plymouth automobile and was repossessed by the Company, whose identification was on the keys found by the officers. This record presents only a question of fact for the jury, and the jury was clearly justified in finding the defendant guilty, Stuart v. State, Okl.Cr., 280 P.2d 755, since conflicting evidence presents a question of fact for the sole determination of the jury.

Nothing herein indicates that the defendant was laboring under a mental condition at the time the crime was committed, but attached to the record is a letter written by Dr. Charles W. Robinson, M.D., Chief Medical Officer for the Veterans' Administration, Regional Office, Oklahoma City, Oklahoma, that this defendant, a World War II veteran, had been hospitalized during his war service, with a diagnosis of Psychopath without Psychosis, and that he had been hospitalized at another time as a Psychopath without Psychosis and alcoholism. The record further discloses that he has a service connected lung condition; the right lung having been removed, with a diagnosis of Tuberculosis and Anxiety. Dr. Robinson's report discloses, however, that he has never had a service connection for Neuopsychiatric.

The record discloses that this action was brought under the provisions of T. 21, § 741, O.S.1951, wherein the maximum punishment is ten years in the State Penitentiary. We have nothing before us however, except Dr. Robinson's report, which is not a matter of record herein, and we are not at liberty to consider the same. Under the record herewith presented, it does not appear that any threat of harm or abuse was made against the person of Marlys Williams. In view of these things, it is the opinion of this court that the penalty herein imposed is excessive, and the same should be reduced to five years in the State Penitentiary.

It further appears that the defendant was ably represented by counsel, appointed at the request of the defendant, and he was accorded all his constitutional rights.

The judgment and sentence imposed herein, as modified, is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.