Paul JENKINS, Jr. and Lloyd Stevenson Bond, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–17663.

Court of Criminal Appeals of Oklahoma.

March 23, 1973.

C. W. Pate, Tulsa, for appellant Paul Jenkins, Jr.

Paul Brunton, Public Defender, Tulsa County, for appellant Lloyd S. Bond.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellants, Paul Lee Jenkins, Jr., and Lloyd Stevenson Bond, hereinafter re-ferred to as defendants, were charged, tried and convicted in the District Court of Tulsa County, Case No. CRF–72–8, for the crime of Kidnapping. Paul Lee Jenkins, Jr., was sentenced to a term of five (5) years, and Lloyd S. Bond to a term of fif-teen (15) years in the State Penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court. Judgment and sentence af-firmed.

Briefly stated, the facts of the case are as follows: On the morning of January 2, 1972, at approximately 11:30 a.m., Mrs. Bess Keith of Collinsville, Oklahoma, left her apartment to investigate hammering noises coming from the direction of anoth-er apartment. Mrs. Keith went to the empty apartment and pushed the door open. She testified that she inquired of two men, later identified as the defendants, as to what they were doing. At that point, a third man appeared from behind the door, put a gun to her arm and ordered her to sit down in a chair and lower her head. This third person left shortly and one of the defendants took his place guard-ing Mrs. Keith with a second gun. Not long thereafter, the two defendants took Mrs. Keith into the adjoining bedroom, placed her on a bed and bound her legs. The men were in the process of binding Mrs. Keith's hands when she heard, what she described as a gun shot, and screamed. The two men left her hands partially tied and ran out of the room. Mrs. Keith was untied by two ladies about five to ten min-utes later. The entire incident took ap-proximately fifteen minutes.

Officer Ted Stanford, of the Collinsville Police Department, arrived shortly at the scene of the incident and radioed a mes-sage that three men had left in a blue Kar-mann Ghia headed east, out of Collinsville.

Trooper John Haynie, of the State Highway Patrol, having received a dis-patch describing the car with the three men, spotted the car and pursued the men until they reached a road block set up by the Collinsville Police. The men tried to

avoid the road block, and as a result the driver was shot by a police officer and the car ran off the road out of control. The defendants were then arrested and taken to the Tulsa City Jail. There, Officer Johnson, of the Tulsa Police Department, interviewed and took statements from both defendants. Johnson testified at the trial that defendant Bond had stated to him that he had been too intoxicated to remember everything but that he did remember being with Jenkins and Wyatt (the third participant, killed in the road block incident) in Collinsville; and he remembered the car running off the road. Officer Johnson further testified as to a statement taken from Jenkins. Jenkins' statement recounted the entire incident in Collinsville, stating that the two defendants had intended to break through the floor of the empty apartment and go into the drug store beneath to obtain narcotics. Jenkins also stated that he and Bond had indeed been interrupted by Mrs. Keith, had detained her first in a chair and eventually had taken her to the bedroom where they had tied her up on the bed.

Defendants were initially charged with three separate offenses, i.e., burglary, second degree; kidnapping; and shooting with intent to kill. At the conclusion of the preliminary examination, the magistrate sustained defendants demurrers to two of the charges and ordered that the defendants be bound over to stand trial on only the kidnapping charge insofar as the three offenses arose out of one single transaction. Thereafter, the trial proceeded on the kidnapping charge at which the jury found both defendants guilty and assessed their punishment.

 This appeal has been brought on the basis of four propositions, the first of which is that the defendants were improperly tried and convicted for the crime of kidnapping. Defense urges that the acts charged as kidnapping were only incidental to the concurrent acts of the defendants and that the charge of kidnapping constitutes an unnatural elevation of the crime

that should have been charged. Defense amply supports his argument by references to New York cases construing New York statutes. However, we must here deal with Oklahoma statutes and decide whether the charge under Oklahoma law was proper. It is well settled that the public prosecutor has the discretion to select the offense for which an accused will be charged. This is reviewed at the preliminary hearing and if the requisite probable cause is found, the accused is bound over for trial. The instant case presents no variance in this procedure and this Court can find no abuse of discretion on the part of the preliminary hearing judge in allowing this charge to stand. It then falls to the State to prove the elements of kidnapping. The objection made by the defense in this respect centers on the specific intent required of the accused to "secretly confine or imprison" (21 O.S.A. 741). As was stated in Brown v. State, Okl.Cr., 404 P.2d 78 (1965):

> "The subjective intent with which an act is done is seldom established by direct evidence, but must of necessity be determined by all of the attending facts and circumstances surrounding such act."

We cannot look into the minds of these defendants but the jury, having heard all of the evidence, may conclude that they intended to confine Mrs. Keith in a manner that would prevent her from either escaping or from making her presence known. It was not unreasonable for the jury to decide that the defendants' actions constituted secret confinement, and on review this Court will not disturb the findings of fact by the jury unless the preponderance of evidence overwhelmingly indicates to the contrary. This is not the case here.

 Proposition two contends that the trial court committed error in admitting a confession by the defendant Jenkins as against defendant Bond when said confession was made outside the presence of Bond. Gregor et al. v. State, Okl.Cr., 505 P.2d 519 said that although the statements by codefendants were hearsay and not ad-

missible, "no material prejudice resulted therefrom and the conviction would have stood without the admission of such testimony." The same is true of the case at bar. The testimony of the officer recounting Jenkins' confession was not crucial nor even necessary to the State's case. Witnesses and identification in this case presented sufficient evidence for the jury to have reached the same conclusion without the confession.

■ Defense next brings error for denial of a motion to sever. The 1972 case of Curcie v. State, Okl.Cr., 496 P.2d 387 (1972) spoke specifically to this point when it said:

"It is the general rule that the granting of a severance is discretionary with the trial court, and that the Court of Criminal Appeals will not disturb the trial court's ruling, absent a showing that prejudice resulted therein."

In light of the sentences rendered by the jury in this case, the Court at this time reaffirms its position in Curcie v. State, supra.

■ In its final proposition, defense presents serious objection to the conduct of the trial when it assigns error to the admission of inflammatory evidence. The frequency of such inflammatory remarks and the tone they imparted were of prejudicial quality. However, most of such evidence was clearly within the res gestae. Furthermore, the trial judge admonished the jury on several occasions to ignore these remarks; and, the reception and consideration of these instructions were reflected in the jury's verdict as to the terms of incarceration. We therefore conclude that the complaints under this proposition are not sufficient to cause a reversal of this conviction.

Therefore, for all the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

BLISS, P. J., and BUSSEY, J., concur.