2013 OK CR 13

**In re ADOPTION OF 2013 REVISIONS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS CRIMINAL (SECOND ED.).**

**No. CCAD–2013–2.**

Court of Criminal Appeals of Oklahoma.

Aug. 16, 2013.

**ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS–CRIMINAL (SECOND EDITION)**

¶ 1 On June 3, 2013, The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions–Criminal (Second Edition). The Court has reviewed the report by the committee and recommendations for the adoption of the 2013 proposed revisions to the Uniform Jury Instructions. Pursuant to 12 O.S.2011, § 577.2, the Court accepts that report and finds the revisions should be ordered adopted.

¶ 2 **IT IS THEREFORE ORDERED ADJUDGED AND DECREED** that the report of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, the revisions shall be available for access via the internet from this Court's web site at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the

utilization of these revisions effective on the date of this order.

¶ 3 **IT IS FURTHER ORDERED ADJUDGED AND DECREED** the amendments to existing OUJI–CR 2d instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted to wit:

1–4; 1–8; 1–8A; 4–64; 4–83A; 4–110; 4–123; 4–129; 4–147; 4–147A; 4–148; 6–23; 8–59; 9–4

¶ 4 The Court also accepts and authorizes the updated committee comments and notes on use to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2013 Supp.)".

¶ 5 **IT IS THE FURTHER ORDER OF THIS COURT** that the members of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶ 6 **IT IS SO ORDERED.**

/s/ David B. Lewis
DAVID B. LEWIS, Presiding Judge

/s/ Clancy Smith
CLANCY SMITH, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

### OUJI–CR 1–4

### FAIR AND IMPARTIAL JURY

Both the State of Oklahoma and the **defendant(s)** are entitled to jurors who approach this case with open minds and agree to keep their minds open until a verdict is reached. Jurors must be as free as humanly possible from bias, prejudice, or sympathy. Jurors must not be influenced by preconceived ideas as to the facts or as to the law.

From this point until the conclusion of this trial, do not discuss this case with any other person, including family and friends. You should not read or listen to any media discussing this case nor research this case *in any way, including* through the internet or any other tools of technology. Nor should you use any of these means to communicate to others about the case. It is important that this case be decided solely on the evidence you receive in this courtroom.

You are undoubtedly qualified to serve as a juror but you may not be qualified to serve as a juror in this particular case. Hence, the law permits unlimited challenges for cause. Moreover, the law grants both the State and the **defendant(s)** 3/5/9 peremptory challenges. A peremptory challenge permits either the State or the defendant to excuse a prospective juror for any reason allowed by law. If you are excused from being a juror in this particular case, it is no reflection on you. You well may be chosen to serve as a juror in another case.

### Committee Comments

The United States Supreme Court has held that the Equal Protection Clause of the Fourteenth Amendment prohibits peremptory challenges on the basis of race or gender. *J.E.B. v. Alabama ex rel. T.B.*, (~~114 S.Ct. 1410.1422~~ 511 U.S. 127, 130–31 [114 S.Ct. 1419, 128 L.Ed.2d 89] (1994) (gender); *Batson v. Kentucky*, 476 U.S. 79, 85–86 [106 S.Ct. 1712, 90 L.Ed.2d 69] (1986) (race). See also *Purkett v. Bern [Elem ]*, ~~115 S.Ct. 1769,1771~~ 514 U.S. 765, 767, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (setting out 3 step analysis that trial court should use in ruling on objection to peremptory challenge); *Powers v. Ohio*, 499 U.S. 400, 402 [111 S.Ct. 1364, 113 L.Ed.2d 411] (1991) (criminal defendant may object to race-based peremptory challenges even though the excluded jurors and the criminal defendant are not of the same race); *Neill v. State*, 1994 OK CR 69, ¶¶ 17–23, 896 P.2d 537, 546~~–57~~ 47 ~~(Old.Cr.1004)~~ (procedure for ruling on objections to peremptory challenges); *Black v. State*, 1994 OK CR 4, ¶¶ 16–17, 871 P.2d 35, 41 ~~-42 (OKI.Cr.1004)~~ *(Batson* hearing was re-

quired even though some black jurors remained on the jury); *Green v. State,* 1993 OK CR 30, ¶¶ 6–9, 862 P.2d 1271, 1272–73 ~~(Ok.Cr.1993)~~ (applying *Powers v. Ohio*).

## OUJI–CR1–8

### OPENING INSTRUCTION

You have been selected and sworn as the jury to try the case of the State of Oklahoma against **[Name the Defendant(s) ]** . The **defendant(s) is/are** charged with the **crime(s)** of **[Name the Crime Charged]** by an **information/indictment** filed by the State.

The information/indictment in this case is the formal method of accusing the **defendant(s)** of **[a] crime(s).** The **information/indictment** is not evidence and the law is that you should not allow yourselves to be influenced against the **defendant(s)** by reason of the filing of the information/indictment.

The **defendant(s) has/have** pled not guilty. A plea of not guilty puts in issue each element of the crime with which the **defendant(s) is/are** charged. A plea of not guilty requires the State to prove each element of the crime beyond a reasonable doubt.

The **defendant(s) is/are** presumed innocent of the **crime(s)** and the presumption continues unless after consideration of all the evidence you are convinced of **his/her** guilt beyond a reasonable doubt. The State has the burden of presenting the evidence that establishes guilt beyond a reasonable doubt. The defendant must be found not guilty unless the State produces evidence which convinces you beyond a reasonable doubt of each element of the **crime(s).**

Evidence is the testimony received from the **witness(es)** under oath, agreements as to fact made by the attorneys, and the exhibits admitted into evidence during the trial.

It is your responsibility as jurors to determine the facts from the evidence, to follow the law as stated in the instructions from the judge, and to reach a verdict of not guilty or guilty based upon the evidence [and to determine punishment if you should find the **defendant(s)** guilty].

Notes on Use

The immediately preceding bracketed clause should be used only in a non-bifurcated trial.

~~It is your responsibility as jurors to determine the credibility of each witness and the weight to be given the testimony of the witness. In order to make this determination, you may properly consider the overall reaction of the witness while testifying; **his/her** frankness or lack of frankness; **his/her** interest and bias, if any; the means and opportunity the witness had to know the facts about which **he/she** testifies; and the reasonableness or unreasonableness of **his/her** testimony in light of all the evidence in the case. You are not required to believe the testimony of any witness simply because **he/she** is under oath. You may believe or disbelieve all or part of the testimony of any witness. It is your duty to determine what testimony is worthy of belief and what testimony is not worthy of belief.~~

~~It is my responsibility as the judge to insure the evidence is presented according to the law, to instruct you as to the law, and to rule on objections raised by the attorneys. No statement or ruling by me is intended to indicate any opinion concerning the facts or evidence.~~

~~It is the responsibility of the attorneys to present evidence, to examine and cross-examine witnesses, and to argue the evidence. No statement or argument of the attorneys is evidence.~~

~~From time to time during the trial, the attorneys may raise objections. When an objection is made, you should not speculate on the reason why it is made. When an objection is approved or sustained by me, you should not speculate on what might have occurred or what might have been said had the objection not been sustained.~~

~~Throughout the trial you should remain alert and attentive. Do not form or express an opinion on the case until it is submitted to you for your decision. Do not discuss this case among yourselves until that time. Do not tell anybody about the case, discuss this case with anyone else, or permit anyone else~~

to discuss this case in your presence. This includes either in person or by electronic, telephonic or any other means. Do not talk to the attorneys, the **defendant**(s), or the witness(es). If anyone should attempt to discuss this case with you, report the incident to me or to the bailiff immediately. This case must be decided solely upon the evidence presented to you in this courtroom, free from any outside influence. This means that during the trial you must not conduct any independent research about the case, the matters in the case, the individuals, witnesses, attorneys, or organizations in the case. In other words, you should not consult dictionaires or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about the case or to help you decide the case. Do not read newspaper reports or obtain information from any other source about this trial or the issues, parties, or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to visit the scene or investigate this case on your own.

At this point in the trial, the attorney for the State reads the information/indictment, the plea of the **defendant**(s), and gives an opening statement. The attorney for the **defendant**(s) may give an opening statement after the attorney for the State, or may elect to reserve **his/her** opening statement until the conclusion of the evidence by the State. Opening statements are not evidence but serve as guides so that you may better understand and evaluate the evidence when it is presented.

Following the opening statements, witnesses are called to testify. Witnesses are sworn and then examined and cross-examined by the attorneys. Exhibits may also be introduced into evidence.

After the evidence is completed, I will instruct you on the law applicable to the case. The attorneys are then permitted closing arguments. Closing arguments are not evidence and are permitted for purposes of persuasion only.

When closing arguments are completed, the case will be submitted to you. You will then retire to consider your verdict.

The attorney for the State may now proceed.

## OUJI–CR1–8A

## OPENING INSTRUCTION—
## DUTY OF JURORS

It is your responsibility as jurors to determine the credibility of each witness and the weight to be given the testimony of the witness. In order to make this determination, you may properly consider the overall reaction of the witness while testifying; **his/her** frankness or lack of frankness; **his/her** interest and bias, if any; the means and opportunity the witness had to know the facts about which he/she testifies; and the reasonableness or unreasonableness of **his/her** testimony in light of all the evidence in the case. You are not required to believe the testimony of any witness simply because **he/she** is under oath. You may believe or disbelieve all or part of the testimony of any witness. It is your duty to determine what testimony is worthy of belief and what testimony is not worthy of belief.

It is my responsibility as the judge to insure the evidence is presented according to the law, to instruct you as to the law, and to rule on objections raised by the attorneys. No statement or ruling by me is intended to indicate any opinion concerning the facts or evidence.

It is the responsibility of the attorneys to present evidence, to examine and cross-examine witnesses, and to argue the evidence. No statement or argument of the attorneys is evidence.

From time to time during the trial, the attorneys may raise objections. When an objection is made, you should not speculate on the reason why it is made. When an objection is approved or sustained by me, you should not speculate on what might have occurred or what might have been said had the objection not been sustained.

Throughout the trial you should remain alert and attentive. Do not form or express an opinion on the case until it is submitted to

you for your decision. Do not discuss this case among yourselves until that time. Do not tell anybody about the case, discuss this case with anyone else, or permit anyone else to discuss this case in your presence. This includes either in person or by electronic, telephonic or any other means. Do not talk to the attorneys, the **defendant(s)**, or the **witness(es)**. If anyone should attempt to discuss this case with you, report the incident to me or to the bailiff immediately. This case must be decided solely upon the evidence presented to you in this courtroom, free from any outside influence. This means that during the trial you must not conduct any independent research about the case, the matters in the case, the individuals, witnesses, attorneys, or organizations in the case. In other words, you should not consult dictionaires or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about the case or to help you decide the case. Do not read newspaper reports or obtain information from any other source about this trial or the issues, parties, or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to visit the scene or investigate this case on your own.

At this point in the trial, the attorney for the State reads the information/indictment, the plea of the **defendant(s)**, and gives an opening statement. The attorney for the **defendant(s)** may give an opening statement after the attorney for the State, or may elect to reserve **his/her** opening statement until the conclusion of the evidence by the State. Opening statements are not evidence but serve as guides so that you may better understand and evaluate the evidence when it is presented.

Following the opening statements, witnesses are called to testify. Witnesses are sworn and then examined and cross-examined by the attorneys. Exhibits may also be introduced into evidence.

After the evidence is completed, I will instruct you on the law applicable to the case. The attorneys are then permitted closing arguments. Closing arguments are not evi-

dence and are permitted for purposes of persuasion only.

When closing arguments are completed, the case will be submitted to you. You will then retire to consider your verdict.

The attorney for the State may now proceed.

### OUJI–CR4–64

### MURDER IN THE FIRST DEGREE BY FELONY MURDER—ELEMENTS

No person may be convicted of murder in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

*First,* the death of a human;

*Second,* the death occurred as a result of an act or event which happened in the defendant's **commission/(attempted commission)** of a/an

[**forcible rape**]

[**robbery with a dangerous weapon**]

[**kidnapping**]

[**escape from lawful custody**]

[**eluding an officer**]

[**first-degree burglary/arson**]

[**murder of a person other than the deceased**]

[**shooting/discharge of a firearm/crossbow with intent to kill a person other than the deceased**]

[**intentional discharge of a firearm/[specify other deadly weapon] into a dwelling/(building used for business/public purposes) **]

[**unlawful distributing or dispensing of (controlled dangerous substances/*(synthetic controlled substances* ) **]

[**trafficking in illegal drugs**]

[ *(manufacturing)/(attempting to manufacture) a controlled dangerous substance) ]*;

·*Third,* the elements of the crime of

[**forcible rape**]

[**robbery with a dangerous weapon**]

[**kidnapping**]

[escape from lawful custody]

[eluding an officer]

[first-degree burglary/arson]

[murder of a person other than the deceased]

[shooting/discharge of a firearm/crossbow with intent to kill a person other than the deceased]

[intentional discharge of a firearm/[specify other deadly weapon] into a dwelling/(building used for business/public purposes) ]

[unlawful distributing or dispensing of (controlled dangerous substances/*(synthetic controlled substances* ) ]

[trafficking in illegal drugs]

*[ (manufacturing)/(attempting to manufacture) a controlled dangerous substance) ]* that the defendant is alleged to have been in the commission of are as follows:

[Give Elements of Underlying Felony]

### Notes on Use

The trial judge should give accomplice and/or coconspirator instructions where appropriate.

### Committee Comments

~~As a result of its amendment in 1996, the~~ The *felony murder* statute, 21 ~~O.S. Supp. 2006~~ *2011*, §701.7(B) ~~now~~ covers *not only* deaths *that were actually* committed by *the person charged with the underlying felony but also deaths that were committed by that person's* intended victims, police officers and innocent bystanders. *Kinchion v. State*, 2003 OK CR 28, ¶ 6, 81 P.3d 681, 683.

### FOOTNOTES

1.   It must be emphasized that the Oklahoma statutes do not include as a specific crime "An Escape from Lawful Custody." This instruction is appropriate only when the defendant has escaped from a peace officer after being lawfully arrested or detained by such officer, 21 O.S. ~~2001~~ *2011*, § 444, or where the escape is from a penal institution, 21 O.S. ~~2001~~ *2011*, § 443. (See OUJI-CR 6-52 through 6-54.)

### OUJI–CR4–83A

### DEATH PENALTY—ALTERNATIVE RESPONSES TO JUROR QUESTIONS ABOUT LIFE WITHOUT POSSIBILITY OF PAROLE

In response to your question about whether a person who is sentenced to life imprisonment without the possibility of parole is parole eligible, you are instructed that [ **Select One of the Following Options**]: You should refer back to the instructions I gave you before;

### OR

The punishment options are self explanatory;

### OR

You should understand the punishment options in their plain and literal sense, and if **[Name of Defendant]** is sentenced to life imprisonment without the possibility of parole, **he/she** will not be eligible for parole.

### Committee Comments

This Instruction is based on the following ruling in *Littlejohn v. State*, 2004 OK CR 6, ¶ 11, 85 P.3d 287, 293–94:

Therefore, in future cases where the jury during deliberations asks, in some form or fashion, whether an offender who is sentenced to life imprisonment without the possibility of parole is parole eligible, the trial court should either refer the jury back to the instructions, [citation omitted], tell the jury that the punishment options are self explanatory, [citation omitted], or advise the jury that the punishment options are to be understood in their plain and literal sense and that the defendant will not be eligible for parole if sentenced to life imprisonment without the possibility of parole. While arguably the latter response is nothing more than another way of referring the jury back to the instructions, it does force the jury to accept the plain meaning of the sentencing options

and impose the sentence it deems appropriate under the law and facts of the case. We recognize trial courts are in the best position to decide which answer is best suited to the situation as the questions posed by juries come in a myriad of forms on this issue. However, we believe the latter explanation may all the law and evidence necessary to reach a decision.

### OUJI–CR 4–110

### KIDNAPPING–ELEMENTS

No person may be convicted of kidnapping unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

*First,* ~~unlawful~~ *unlawfully*:

*Second,* ~~(forcible seizure and confinement)~~ *seizes/confines/~~inveiglement~~/inveigles/decoys/kidnaps/abducts/(carries away)*;

*Third,* ~~of~~ another *person*:

*Fourth,* with *the* intent to (**confine** *that person* )/( *imprison that person*)/(**send** *that person* out of the State)/(**sell** *that person* as a slave)/(**hold that** *person* **to service**) t *against that person's will.*

~~*Fifth,* against the person's will.~~

#### ~~OR~~

~~*Fifth,* the victim was 12 years of age or less at the time of the offense.~~
Statutory Authority: 21 O.S. Supp. 2007 *2012,* § 741.

#### Notes on Use

If the defense of consent is raised, the court should give OUJICR 8–59, infra.

#### Committee Comments

The statutory language reads "without lawful authority," but the *original Jury Instruction* Commission has translated that language into the word "unlawful" in the first element. The Commission has decided that the words "without lawful authority" and "unlawful" are synonymous. The Commission has chosen to use the word "unlawful" in order to promote consistency of language among the various instructions. Moreover, the word "unlawful" is more concise. The definition of the word "unlawful" should encompass either of two concepts: (1) that the person who confines another lacks legal or domestic authority; or, (2) that the person who confines another has used fraud to induce consent to the confinement. Either lack of authority or use of fraud makes the confinement unlawful. R. Perkins, Criminal Law 182 (2d ed. 1969). *See Williams v. State,* 1953 OK CR 41, 255 P.2d 532, *overruled on other grounds, Parker v. State,* 1996 OK CR 19, ¶ 23, n. 4, 917 P.2d 980, 986 n. 4.

The second element lists the ~~two alternative~~ activities prohibited by the kidnapping statute. ~~An action is criminal under the kidnapping statute if the act is a forcible an unlawful seizure and confinement, or inveiglement. The first alternative probably needs no explanation or illustration. The second alternative, inveiglement,~~ *Inveiglement* is illustrated by *Ratcliff v. State,* 1955 OK CR 110, 289 P.2d 152 (12–year–old girl enticed into a car by a man whom she thought to be a friend who would take her to a football game). *See also Williams, supra* (young boy enticed into a car by man who requested the youth's aid in locating a third person).

Even though a person unlawfully confines another, the crime of kidnapping has not been committed unless the accused has the specific mens rea of the crime. The gist of the offense created by section 741 is one of the four alternative mens rea requirements set forth by the statute. *Perry v. State,* 1993 OK CR 5, ¶ 13, 853 P.2d 198, 202 (analyzing "hold to service" provision); *Jenkins v. State,* 1973 OK CR 165, 508 P.2d 660; *Ogelsby v. State,* 1966 OK CR 34, 411 P.2d 974; *Vandiver v. State,* 1953 OK CR 130, 261 P.2d 617 [97 Okla.Crim. 217].

Even though a person unlawfully confines another, the crime of kidnapping has not been committed unless the accused has the specific mens rea of the crime. The gist of the offense created by section 741 is one of the four alternative mens rea require-

ments set forth by the statute. *Perry v. State*, 1993 OK CR 5, ¶ 13, 853 P.2d 198, 202 (analyzing "hold to service" provision); *Jenkins v. State*, 1973 OK CR 165, 508 P.2d 660; *Oglesby v. State*, 1966 OK CR 34, 411 P.2d 974; *Vandiver v. State*, 1953 OK CR 130, 261 P.2d 617.

~~The fifth element indicates that the actions of the accused must be against the will of the victim. A question is raised whether this fifth element is satisfied when the alleged victim went willingly with the accused because the accused inveigled the person to accompany him, although the person would not have gone willingly had he known of the inveiglement. The Commission has decided that, in these instances, the fifth element is satisfied by proof that the alleged victim would not have consented to accompany the accused if the victim had clearly known of the purposes intended by the accused.~~

~~There does not appear to be any requirement of asportation (i.e., carrying away) in section 741. *See Turner v. State*, 1990 OK CR 6, ¶ 13, 786 P.2d 1251, 1255 (finding no requirement of asportation or transportation in § 745, the kidnapping for purposes of extortion statute).~~

### OUJI–CR 4–123

### RAPE—~~MENTAL ILLNESS DEFINED~~ *WHETHER VICTIM WAS CAPABLE OF GIVING LEGAL CONSENT*

*In order to be capable of giving legal consent to a sexual act, a person must be capable of understanding the act, its nature and possible consequences.* ~~A "mentally ill person" is a person with a substantial disorder of thought, mood, or memory that significantly impairs his/her ability to recognize reality or to meet the ordinary demands of life.~~ Statutory Authority: ~~43A O.S. 1991 § 1-103 (e3)~~ *21 O.S.2011 § 1111(A)(2).*

### Committee Comments

Section 1111(A)(2) of title 21 was amended in 1981 to substitute the phrase "mental illness" for "lunacy." Prior to 1981, a woman who suffered from "lunacy or other unsoundness of mind" was deemed legally incapable of consenting to sexual intercourse. Therefore, intercourse with such a person was deemed to be against her will and thus, by force. In *Adams v. State*, 1911 OK CR 87, ~~5 Okl. Cr. 347~~, 114 P. 347, 5 Okl. Cr. 347 (1911), the Court of Criminal Appeals held that upon proof of such a condition the law conclusively presumes that the sexual intercourse was by force and violence. *See also Hacker v. State*, 1941 OK CR 145, ~~73 Okl. Cr. 119~~, 118 P.2d 408, 73 Okl. Cr. 119 (1941) *Hyde v. State*, 1923 OK CR 332, ~~26 Okl. Cr. 69~~, 221 P. 787, 26 Okl. Cr. 69 (1924). There is an excellent possibility that the word "lunacy" was changed to the phrase "mental illness" because the phrase simply sounds better. The problem that could be created is best established by an evaluation of the Diagnostic and Statistical Manual of Mental Disorders, American Psychiatric Association. This reference cites over 100 mental illnesses which might well fall within the statutory definition of 21 O.S. (~~Supp. 1995~~ *2011*, § 1111(A)(2). These would include such illnesses as a severe state of temporary depression.

The Committee has concluded that the legislative intent was not to substantially change the prior meaning of section 1111(A)(2). It is the opinion of the Commission that the term "mental illness" in OUJI–CR 4–120 can be defined by the use of 43A O.S. ~~1991~~ *2011* § 1-103~~(e)~~*3* ).

Whether a victim falls within the provision of being "incapable through mental illness or any other unsoundness of mind" is an issue of fact to be determined by the jury or trier of the facts. This determination will probably hinge on the particular evidence presented in the case. However, certain characteristics have been more commonly associated with "lunacy or other unsoundness of mind" than others. These characteristics will probably continue to have relevance under the amended section 1111(A)(2). Characteristics commonly associated with "lunacy or other unsoundness of mind" include: (1) testimony by individuals in frequent contact with the victim that he/she is "feeble minded" or "has the mind of a child," *Hacker, supra; Adams, supra;* (2) testimony from medical experts or

relatives that the victim is suffering from a recognized mental disease which is associated with an inability to make decisions; *Hacker, supra; Hyde, supra*; (3) evidence which shows the victim does not feel guilty about having sex; (4) evidence which shows the inability to understand and comprehend the act of sexual intercourse; (5) and, evidence which shows the inability to understand and comprehend the potentially unfortunate consequences of sex, such as venereal disease and pregnancy.

Probably the chief characteristic to be established would be that the victim does not have an understanding of the sexual act, its nature, and its possible consequences.

The Court of Criminal Appeals apparently has never addressed the issue of whether the defendant must have an awareness of the victim's unsoundness of mind. Other jurisdictions which have similar statutes have held that it is not necessary for the State to prove that the defendant knew the victim was of such unsoundness of mind as to be incapable of consenting to sexual intercourse. *See State v. Dombroski,* 145 Minn. 278, 176 N.W. 985 (1920); *State v. Meyer,* 37 Wash.2d 759, 226 P.2d 204 (1951).

In addition to the "unsoundness of mind" classification, the third element lists two other kinds of sexual intercourse which qualify for prosecution under rape in the first degree. These are: intercourse when the victim is under 14 years of age; and, the rape is accomplished by means of force, violence, or threats of force or violence with apparent power to carry out the threat. Intercourse in these instances is either in fact, or by law, without the consent of the victim.

Age refers to chronological age, not mental age. *Hacker, supra.* Although no Oklahoma case has decided the question, a victim apparently is no longer under the age of 14 at the moment he/she becomes 14. *Cf. Application of Smith,* 1960 OK CR 41, 351 P.2d 1076 (Okl. Cr. 1960) (rape committed by male over age of 18 upon female under 14; the 18th birthday is the drawing line, and the first moment of the 18th year constitutes him over 18). Moreover, it is no defense to a prosecution for rape that the defendant does not know that the person with whom he/she has sexual intercourse is under the age of consent *Reid v. State,* 1955 OK CR 106, 290 P.2d 775 (Okl. Cr. 1955); *Law v. State,* 1950 OK CR 143, 92 Okl. Cr. 444, 224 P.2d 278, 92 Okl. Cr. 444 (1950).

At one time persons under the age of eighteen could not be charged with rape, but the rape statutes were amended in 1981 to permit prosecution of persons under eighteen years of age who use force. For a discussion of this change, see *Highsaw v. State,* 1988 OK CR 128, ¶¶ 2–3,758 P.2d 336, 337–38 (Okl. Cr.1988)

The former requirement that the victim must have offered resistance to force or threats of great bodily harm was removed from section 1111 of title 21 in 1983. When the rape is alleged to have occurred as a result of threats with the apparent power of execution, the State must prove both that the defendant made threats and that the victim believed the threats would be carried out if he/she did not submit. *Barrett v. State,* 1978 OK CR 6, 573 P.2d 1221 (Okl. Cr. 1973); *Wines v. State,* 1912 OK CR 201, 7 Okl. Cr. 450, 124 P. 466, 7 Okl. Cr. 450 (1912).

The State must allege and prove that the person with whom the accused had sexual intercourse was not the spouse of the defendant, unless the accused is being prosecuted for spousal rape under 21 O.S. Supp. 1995 *2011,* § 1111(B). *Emyahtubby v. State,* 1918 OK CR 8, 14 Okl. Cr. 213, 169 P. 1124, 14 Okl. Cr. 213 (1919). Proof that the victim was not the defendant's spouse may consist of the testimony from the victim or evidence that the defendant was married to another person. *See Phillips v. State,* 1988 OK CR 103, ¶ 20, 756 P.2d 604, 610 (Okl. Cr. 1988) (victim's testimony that she never met the defendant before he attacked her, that the sexual intercourse was accomplished with a knife and a gun, and that she was severely cut during the rape was sufficient to establish that the victim was not the defendant's spouse); *Blackwell v. State,* 1983 OK CR 51 ¶ 14, 663 P.2d 12, 16 (Okl. Cr. 1983) (testimony at trial established that the defendant was married to another woman).

## OUJI–CR 4–129

### LEWD ACTS (MOLESTATION) WITH] / [INDECENT PROPOSALS TO] A CHILD UNDER SIXTEEN–ELEMENTS

No person may be convicted of (lewd acts with)/(indecent proposals to) a child under sixteen unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

*First,* the defendant ~~(was at least three years older than the victim who)/(believed he was at least three years older than the intended victim and)/(used force/fear and)~~;

~~Second,~~ knowingly and intentionally;

~~[Third~~ *Second,* made ~~any~~ *a/an* oral/written/(electronically/computer generated) lewd or indecent proposal;

~~Forth~~ *Third,* to ~~any~~ *a* child/(person the defendant believed to be a child) under sixteen years of age;

~~Fifth~~ *Fourth,* for the child to have unlawful **sexual relations/intercourse** with any person; *and* ~~]~~

*Fifth, the defendant (was at least three years older than the child)/(was at least three years older than the purported child's age)/(used force/fear).*

**OR**

*First, the defendant knowingly and intentionally:*

~~[Third~~ *Second,* (looked upon)/touched/mauled/felt;

~~Fourth~~ *Third,* the body or private parts;

~~Fifth~~ *Fourth,* of ~~any~~ *a* child under sixteen years of age;

~~Sixth~~ *Fifth,* in any lewd or lascivious manner; *and* ~~]~~

*Sixth, the defendant (was at least three years older than the child)/(used force/fear).*

**OR**

*First, the defendant knowingly and intentionally:*

~~[Third~~ *Second,* asked/invited/enticed/persuaded; ~~Fourth~~ *Third,* ~~any~~ *a* child /(person

*the defendant believed to be a child)* under sixteen years of age;

~~Fifth~~ *Fourth,* to go alone with any person;

~~Sixth~~ *Fifth,* to a **secluded/remote/secret** place;

~~Seventh~~ *Sixth,* with the unlawful and willful intent and purpose;

~~Eighth~~ *Seventh,* to commit [**Identify Crime Against Public Decency and Morality**]; *and* ~~]~~

*Eighth, the defendant (was at least three years older than the child)/ (was at least three years older than the purported child's age)/(used force/fear).*

**OR**

*First, the defendant knowingly and intentionally;*

~~[Third~~ *Second,* in a lewd and lascivious manner;

~~Fourth~~ *Third,* for the purpose of sexual gratification;

~~Fifth~~ *Fourth,* [urinated/defecated upon]/[ejaculated upon/(in the presence of) ];

~~Sixth~~ *Fifth,* ~~any~~ *a* child under sixteen years of age ; *and* ~~]~~

*Sixth, the defendant (was at least three years older than the child)/(used force/fear).*

**OR**

*First, the defendant knowingly and intentionally;*

[~~Third~~ *Second,* in a lewd and lascivious manner;

~~Fourth~~ *Third,* for the purpose of sexual gratification;

~~Fifth~~ *Fourth,* **caused/exposed/forced/required** ~~any~~ *a* child under sixteen years of age;

**Sixth** *Fifth,* to look upon [the body/(private parts) of another person]/[sexual acts performed in the presence of the child]; *and* ~~]~~

*Sixth, the defendant (was at least three years older than the child)/(used force/fear).*

**OR**

*First, the defendant knowingly and intentionally;*

[~~Third~~ *Second,* in a lewd and lascivious manner;

~~Fourth~~ *Third,* for the purpose of sexual gratification;

~~Fifth~~ *Fourth,* **forced/required** ~~any~~ *a* **child under sixteen years of age;**

~~Sixth~~ *Fifth,* **to touch/feel the body/(private parts) of (the child)/(another person);** *and* ~~]~~

*Sixth, the defendant (was at least three years older than the child)/ (used force/fear).*

**OR**

*First, the defendant knowingly and intentionally;*

[~~Third~~ *Second,* in a lewd and lascivious manner;

~~Fourth~~ *Third,* for the purpose of sexual gratification;

~~Fifth~~ *Fourth,* **forced/required** ~~any~~ *a* **child/(person the defendant** ~~believes~~ **believed to be a child)** under sixteen years of age;

~~Sixth~~ *Fifth,* **to view (obscene materials)/(child pornography)/(materials deemed harmful to minors);** *and* ~~]~~

*Sixth, the defendant (was at least three years older than the child)/(was at least three years older than the purported child's age)/(used force/fear).*

The words "lewd" and "lascivious" have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence.

Statutory Authority: 21 O.S.2011, § 1123(A).

### Notes on Use

The trial court should select the appropriate ~~Third and additional Elements~~ *alterna-*tive elements according to the crime charged and the evidence presented. *It may be appropriate for the trial court to set out the elements for a crime against public decency and morality in the third alternative, supra. Examples of crimes against public decency and morality include rape, sexual assault, sodomy, and lewd molestation.*

### Committee Comments

The Oklahoma Court of Criminal Appeals ruled that section 1123(A)(1) of title 21 was not unconstitutionally vague in *Reed v. State,* 1986 OK CR 64, ¶¶ 3–6, 718 P.2d 373, 374–75.

The definition of "lewd" and "lascivious" is taken from *Reeves v. State,* 1991 OK CR 101, ¶¶ 44–47, 818 P.2d 495, 504.

Corroboration of the victim's testimony is not required "unless such testimony appears incredible or so unsubstantial as to make it unworthy of belief." *Jones v. State,* 1988 OK CR 281, ¶ 10, 765 P.2d 800, 802.

*In Barnard v. State,* 2012 OK CR 15, ¶ 12, 290 P.3d 759, 763–64. *the Oklahoma Court of Criminal Appeals decided that the crime of making an indecent proposal to a child applied to indecent proposals made to an undercover officer posing as a child. In cases where the defendant is accused of making indecent proposals to an undercover officer, the* Fifth *Element of the First Alternative (and the corresponding elements of other Alternatives) should read: " Fifth, the defendant was at least three years older than the purported child's age."*

### OUJI–CR 4–147

**ABUSE [BY CARETAKER]/~~(OTHER PERSON)~~** *OF A PERSON ENTRUSTED TO ONE'S CARE—ELEMENTS*

No person may be convicted of abuse ~~by (a caretaker)/(an other person)~~ *of a person entrusted to one's care* unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:First, **(a caretaker)/(an other person)** *a caretaker/person;*

[*Second,* **abused** ~~(committed financial neglect to)~~ *(financially neglected)*/**neglected/(sexually abused)/exploited;**

*Third,* an incapacitated/vulnerable adult *another person* who was entrusted in *to* his/her care].

**OR**

[*Second, First,* a person knowingly caused/permitted an incapacitated/vulnerable adult *another person* who was entrusted in *to* his/her care;

*Third Second,* to be abused/(subjected to financial neglect) *(financially neglected)*/neglected/(sexually abused)/exploited].

**OR**

[*Second,* secured the abuse/(financial neglect)/(sexual abuse)/exploitation;

*Third,* of an incapacitated/vulnerable adult who was entrusted in his/her care].

[Note–Use only if applicable: **You are further instructed that consent shall not be a defense to this crime.**]

Statutory Authority: 21 O.S. Supp.2010 *2011,* § 843.1.

#### Notes on Use

Under 43a *43A* O.S. Supp.2010 *2011,* § 10–103(B), good faith use of spiritual means for treatment shall not be abuse or neglect if in accordance with practices of a recognized church or the express consent of the vulnerable adult. *For a prosecution for caretaker abuse, see the definitions of caretaker and vulnerable adult in OUJICR 4–148, infra.*

#### Committee Comments

*The Commit* tee *did not include an option for "secure," because it is covered by "cause".*

#### OUJI–CR4–147A

### VERBAL ABUSE BY CARETAKER *OF A PERSON ENTRUSTED TO ONE'S CARE*—ELEMENTS

No person may be convicted of verbal abuse by a caretaker *of a person entrusted to one's care* unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

*First,* a caretaker;

[*Second,* verbally abused;

*Third,* an adult *another person* who was entrusted in to **his/her** care].

**OR**

[*Second,* knowingly caused/permitted an adult *another person* who was entrusted in *to* his/her care;

*Third,* to be verbally abused.]

Statutory Authority: 21 O.S. 2001 *2011,* § 843.2.

**OR**

#### *Commit* tee *Comments*

*For definitions of verbal abuse, caretaker, and vulnerable adults, see OUJI–CR 4–148, infra. The Commit* tee *did not include an option for "secure," because it is covered by "cause".*

#### OUJI–CR 4–148

### ABUSE BY CARETAKER/(OTHER PERSON)—DEFINITIONS

*Abuse*—Causing/permitting the [infliction of (physical pain)/injury/ (sexual abuse)/(sexual exploitation)/(unreasonable restraint/confinement)/(mental anguish) ] / [deprivation of nutrition/clothing/shelter/(health care)/care/services *without which serious physical/mental injury is likely to occur to a vulnerable adult* by a caretaker/(person providing services to a vulnerable adult) ].

Reference: 43A O.S. Supp.2010 *2011,* § 10–103(8).

*Vulnerable Adult*—An incapacitated person or an individual who, because of physical or mental disability, incapacity or other disability, is substantially impaired in **his/her** ability to provide adequately for **his/her** own care or custody, or is unable to manage **his/her** property and financial affairs effectively, or to meet essential requirements for mental or physical health or safety, or to protect imself/herself **himself/herself** from abuse, verbal abuse, neglect, or exploitation without assistance from others. Reference: 43A O.S. {qSupp.2010{q *2011,* § 10–103(5).

*Caretaker*—A person who has [the responsibility for the (care of a vulnerable adult)/(financial management of the resources of a vulnerable adult as a result of a family relationship) ]/[assumed the responsibility for the care of a vulnerable adult voluntarily/(by contract)/(as a result of the ties of friendship) ]/[been appointed a guardian/(limited guardian)/ conservator under the Oklahoma Guardianship and Conservatorship Act].

Reference: 43A O.S. {q~~Supp.2010~~{q *2011* § 10–103(6).

*Exploitation*–An unjust or improper use of the resources of a vulnerable adult for the profit or advantage, pecuniary or otherwise, of another person through the use of (undue influence) /coercion / harassment / duress / deception /(false representation /pretense).

Reference: 43A O.S. ~~Supp. 2010~~ *2011*, § 10–103(9).

*Incapacitated Person*—Any (person eighteen (18) years of age or older who is impaired by reason of mental or physical illness or disability, dementia or related disease, mental retardation, developmental disability or other cause and whose ability to receive and evaluate information effectively or to make and to communicate responsible decisions is impaired to such an extent that he/she lacks the capacity to manage his/her financial resources or to meet essential requirements for his/her mental or physical health or safety without assistance)/(person for whom a guardian/ (limited guardian)/conservator has been appointed pursuant to the Oklahoma Guardianship and Conservatorship Act).

Reference: 43A O.S. ~~Supp. 2010~~ *2011*, § 10–103(4).

*Neglect*—[The failure to provide protection for a vulnerable adult who is unable to protect his/her own interest]/[the failure to provide a vulnerable adult with adequate shelter/nutrition/(health care)/clothing]/ [ negligent acts/omissions that result in harm/(the unreasonable risk of harm) to a vulnerable adult through the action/inaction/(lack of supervision) by a caretaker providing direct services].

Reference: 43A O.S. ~~Supp. 2010~~ 2011. § 10–103(11).

*Financial Neglect*—repeated instances by a caretaker/(any person, who has assumed the role of financial management) of failure to use the resources available to restore/maintain the health and physical well-being of a vulnerable adult, including, but not limited to [Select applicable subparagraph]:

a. squandering/(negligently mismanaging) the money/property/accounts of a vulnerable adult,

b. refusing to pay for necessities/utilities in a timely manner, or

c. providing substandard care to a vulnerable adult despite the availability of adequate financial resources.

Reference: 43A O.S. ~~Supp. 2010~~ *2011*, § 10–103(10).

*Sexual Abuse*—[ (Oral/Anal/Vaginal penetration of a vulnerable adult by/through the union with the sexual organ of a caretaker/(person providing direct services to the vulnerable adult) ]/[*anal/vaginal penetration of a vulnerable adult by a caretaker/(person providing direct services to the vulnerable adult) with any object* ]/[The touching/feeling of the body/(private parts) of a vulnerable adult for the purpose of sexual gratification by a caretaker/(person providing direct services to the vulnerable adult) ]/[Indecent exposure by a caretaker/(person providing direct services to a vulnerable adult) ].

Reference: 43A O.S. ~~Supp. 2010~~ *2011*, § 10–103(12).

*Verbal Abuse*—The repeated use by a caretaker of words/sounds/ language/actions/behaviors/(forms of communication) that are calculated to humiliate/intimidate/(cause fear/embarrassment/shame/degradation to) the person entrusted to the care of the caretaker. Reference: 21 O.S. ~~2001~~ *2011*, § 843.2(B).

## OUJI–CR 6–23

### DRIVING A MOTOR VEHICLE WITH IMPAIRED ABILITY— ELEMENTS

No person may be convicted of driving a motor vehicle with impaired ability unless the

State has proved beyond a reasonable doubt each element of the crime. These elements are:

> *First,* driving;
>
> *Second,* a motor vehicle;
>
> *~~Third, on a highway/turnpike/(public parking lot);~~*
>
> *~~Fourth~~ Third,* with impaired ability;
>
> *~~Fifth~~ Fourth,* due to **alcohol/(an intoxicating substance).**

Statutory Authority: 47 O.S. ~~Supp. 1995~~ *2011* § 761.

### Committee Comments

This instruction is limited to driving a motor vehicle with impaired ability, because 47 O.S. ~~Supp. 1995~~ *2011,* § 761 does not include being in actual physical control of a motor vehicle. However, if there is evidence that the defendant was driving a motor vehicle although charged only with being in actual physical control of a motor vehicle while under the influence of alcohol or another intoxicating substance, the defendant may be entitled to this instruction as a lesser included offense.

### OUJI–CR 8–59

### KIDNAPPING—DEFENSE OF CONSENT

The defendant has raised the defense of consent. It is the burden of the State to prove beyond a reasonable doubt that there was no consent to the **kidnapping/confining** of the other person. Consent of the other person shall not be a defense if **(consent was obtained by threat or duress)/(the other person was twelve years of age or younger).** If you find that the State has failed to sustain its burden of proof beyond a reasonable doubt, then the defendant must be found not guilty.

### Notes on Use

This instruction should be given where the evidence presented at trial sufficiently raises the defense of consent.

### OUJI–CR 9–4

### DIRECT AND CIRCUMSTANTIAL EVIDENCE–WEIGHT

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. ~~Circumstantial evidence would be considered by you~~ *You should consider circumstantial evidence* together with all the other evidence in the case in arriving at your verdict.